## CITY OF SEATTLE v. BOARD OF HOME MISSIONS OF METHODIST PROTESTANT CHURCH.

(Circuit Court of Appeals, Ninth Circuit. May 29, 1905.)

No. 1,161.

1. BILL OF EXCEPTIONS—CERTIFICATION—RULES—FAILURE TO COMPLY.

   Where the trial court settled a bill of exceptions and certified to its correctness, though it was not filed within the time, nor served as required by Cir. Ct. Rules 23, 26, it would be presumed on appeal that the court relaxed the rules for some good reason, and hence a motion to strike the bill would be denied.

2. MUNICIPAL CORPORATIONS—STREETS—CHANGE OF GRADE—DAMAGES—BENEFITS.

   Under Laws Wash. 1893, p. 194, c. 84, § 15, providing that when an ordinance authorizing a change of street grade does not provide for any assessment in whole or in part on property benefited, the compensation for land or property taken, and in all cases the damages found in respect to land or property not taken, shall be ascertained over and above any local and special benefit arising from such proposed improvement, etc., any local or special benefit that the particular property in question will derive by reason of the proposed improvement should be deducted from any damages it would sustain, and only the excess of damage be allowed to the owner.

   [Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 949–951.]

**3. SAME—BENEFITS TO LOT APART FROM BUILDINGS.**

In a proceeding to recover damages to property not taken by a change of street grade as authorized by Laws Wash. 1893, p. 194, c. 84, § 15, evidence as to benefits to the land part from the buildings thereon was inadmissible.

**4. SAME.**

Evidence that the market value of the lot and building thereon would be greater immediately after the change of grade without any adjustment of the buildings to the grade was admissible.

**5. SAME—USE OF PROPERTY.**

In a proceeding to determine the amount of damages sustained to abutting property by a change of street grade, the use to which the property is devoted or for which it is suitable is a proper element to be considered in ascertaining its market value.

**6. SAME—ADJUSTMENT OF PROPERTY.**

In a proceeding for assessment of damages to abutting property by a change of street grade, the cost of adjusting the property, including buildings thereon, to a new grade, and damages to trees, if any, should be considered.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 938, 939, 941.]

**7. SAME—PARTICULAR USE.**

Mere impairment of the use of abutting property by a change of street grade for a particular purpose would not necessarily entitle the owner to damages in case the market value of the property, including the use to which it might be devoted, would be enhanced by the improvement.

[Ed. Note. For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 943.]

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

Mitchell Gilliam and Hugh A. Tait, for plaintiff in error.

E. S. McCord and John Larrabee, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The questions of law arising in this case, relating as they do to rulings of the court below upon matters of evidence and instructions to the jury, were only presentable to this court by bill of exceptions. The verdict of the jury was returned July 30, 1904. Rules 23 and 26 of the Circuit Court for the District of Washington at the time provided:

"Rule 23. The party excepting to the charge of the court to the jury must specify distinctly the several matters of law to which he excepts. Such matters of law only will be inserted in the bill of exceptions, and allowed by the court. All exceptions to the charge of the court to the jury shall be in writing and handed to the court before the verdict. The bill of exceptions must be appropriate in form and presented to the judge within ten days after the verdict, and in default thereof the exceptions will be deemed waived."

"Rule 26. Where exceptions are taken or there is a demurrer to the evidence, the party shall have the right and shall not be required to prepare at the trial his bill of exceptions or demurrer and statement of evidence, but may merely reduce such exceptions to writing, or make a minute of the demurrer to the evidence, as the case may be, and deliver it to the judge. The bill or demurrer shall, within ten days after the termination of the trial, be drawn up, filed, and a copy served on the attorney of the adverse party, who, within five days thereafter may prepare, serve, and file amendments thereto, and in default thereof the right to propose amendments shall be deemed

waived, in which case, within five days thereafter, the proposed bill may be presented by the moving party to the judge, for allowance. If amendments are served and filed within the time allowed, they shall be deemed assented to by the party proposing the bill, and may in like time and manner be presented to the judge for allowance, unless the said party within three days after receiving the copy of such amendments shall notify the opposing attorney of his dissent, and that at a time and place specified, not less than two nor more than five days distant, he will present the proposed bill and amendments for settlement, and in that case the bill shall be so presented. In all cases where a party proposing a bill of exceptions fails to present his bill and the proposed amendments to the judge for allowance or settlement within the time limited as aforesaid, his bill of exceptions shall be deemed abandoned and his right thereto waived."

The bill of exceptions found in the record was not filed until December 2, 1904. A motion is made on behalf of the defendant in error to strike the bill of exceptions from the record and affirm the judgment appealed from on the ground that the bill was not prepared or presented to the trial judge within the time fixed by the rules, nor was there any copy of it ever served upon counsel for the defendant in error until more than a month after it was filed, in consequence of which the defendant in error had no opportunity to suggest amendments thereto, and thereby secure a full and fair presentation of the points made by the plaintiff in error. The motion is supported by affidavits of the counsel for the defendant in error, and there is no counter showing. In the affidavits of the counsel for the defendant in error it is shown that the judgment appealed from was entered on the 30th day of July, 1904, and that the bill of exceptions was not presented to the trial judge until December 2d following, at which time it was signed by the judge without any opportunity on the part of the defendant in error to offer proposed amendments to the bill; and that the counsel for the defendant in error had no notice or knowledge that such bill of exceptions would be presented to the judge, nor that it had been in fact so presented and signed by him, until a copy thereof was served upon the counsel for the defendant in error on the 17th day of January, 1905. It is further stated in the affidavits of the counsel for the defendant in error that the bill of exceptions is not a fair statement of the facts which constitute the different purported errors as set forth in the assignment of errors of the plaintiff in the case, but, on the contrary, is incomplete, and prejudicial to the defendant in error, in that the bill recites only such evidence as is favorable to the plaintiff in error; that the extracts from the instructions of the court complained of are unfair and misleading in that they do not convey the full or correct meaning of the court as conveyed by the instructions as given in full; that, had the bill of exceptions been served upon the defendant to the case, as required by the law and the rules of the court quoted, the defendant would have filed and served and presented to the judge who tried the case proposed amendments, which would have made the bill of exceptions complete and prejudicial to neither party, and would have enabled this court to arrive at a full and correct understanding of the facts that were introduced in evidence, touching the purported errors as set forth in the plaintiff's assignment of errors. Notwithstanding the rules, the court

did, as a matter of fact, settle the bill of exceptions contained in the record, and certified to its correctness. We must, therefore, take it that for some good reason the court vacated, or at least relaxed, its rules, and, having certified to the bill, we must accept it as it is.

It appears therefrom that in the course of the proceedings in the court below, which were instituted for the purpose of ascertaining what, if any, damages would be suffered by certain property of the defendant in error by reason of a change in the grade of certain streets in the city of Seattle, counsel for the city, which was the plaintiff in the court below and is the plaintiff in error here, asked one of the witnesses this question: "Taking the lot at the corner of lot 1 of block 22, A. A. Denny's Addition, at the southeast corner of Pine and Third avenue, state whether or not the real property itself, not including the building, whether that would be benefited or not by this proposed regrade?"—the lot mentioned in the question being the lot owned by the defendant in error. The question was objected to by the defendant to the proceeding upon the ground that it was asking for the opinion of the witness in respect to the land, independent of the building thereon, which objection was sustained by the court, to which ruling the plaintiff reserved an exception. Further similar questions were also asked, objected to, and ruled out, whereupon, according to the bill of exceptions, the following proceedings occurred:

"The Court: I have already said you are spending time to no purpose in doing that. Mr. Gilliam (Counsel for the Plaintiff): I only desire to get the matter in such form, if the court please, that it can be squarely presented in case of an appeal, if we see fit to appeal from the verdict. The Court: You can make your offer. A very convenient way to do that is to make your offer of what you propose to prove. Mr. Gilliam: I will do that, if the court please. '* * * Now, if the court please, I want to make the formal offer of evidence. Petitioner offers evidence to prove by this witness that the market value of this lot in controversy, lot 1 in block 22 of A. A. Denny's Addition to the city of Seattle, would be greater immediately after the regrade of this street, and without any adjustment of the buildings to that grade, than it was before the regrading of that street; and that this enhancement of value would be caused directly by reason of the regrading of the street. We offer to prove that. Mr. Larrabee (Counsel for the Defendant): Do you have reference to the lot only? Mr. Gilliam: The property—the lot and the building. I offer to prove that the lot as it now stands will sell for more with the streets graded than it would without. Mr. Larrabee: We object to any evidence introduced along that line. The objection was sustained by the court, to which ruling of the court the petitioner then and there duly excepted, and this exception was by the court allowed. No evidence was permitted by the court tending to establish the value of the property of the said respondent immediately prior to the regrade and immediately after the regrading of Pine street between First avenue and Fourth avenue, and Third avenue between Pike street and Pine street."

It is conceded that under the Constitution and statutes of the state of Washington its municipal corporations desiring to change the grade or otherwise improve their streets may offset benefits against damages. Section 15 of the statute of that state, under which this proceeding is brought, is as follows:

"When the ordinance providing for any such improvement provides that compensation therefor shall be paid, in whole or in part, by special assessment upon property benefited, the compensation found by the jury for any

land or property taken shall be irrespective of any benefit from the improvement proposed. When such ordinance does not provide for any assessment, in whole or in part, upon property benefited, the compensation found for land or property taken, and in all cases the damages found in respect to land or property not taken, shall be ascertained over and above any local and special benefit arising from such proposed improvement, except as provided in section 2 of this act as to streets, avenues, and boulevards established to a width greater than one hundred and fifty feet, in which class of cases no benefits shall be deducted as to such excess." Laws 1893, p. 194, c. 84.

As this is not a case of land or property taken, but only for the ascertainment of damages, if any, to property not taken, it is governed and controlled by that clause of the statute quoted providing that "in all cases the damages found in respect to land or property not taken, shall be ascertained over and above any local and special benefit arising from such proposed improvement"; that is to say, any local and special benefit that the particular property will derive by reason of the proposed improvement shall be deducted from any damages it will sustain thereby, and only such excess of damage be allowed the owner. If the particular property will derive no local or special benefit, there will, as a matter of course, be nothing to deduct from the damages, if any, sustained by the owner; and if the particular property is benefited as much as damaged, there can be no recovery, since pecuniary loss is the measure of damages in such cases. 2 Dillon on Municipal Corporations (4th Ed.) § 990, note, p. 1228. We are of the opinion that the court below was right in its rulings in respect to the questions propounded by counsel for the plaintiff seeking to obtain from the witnesses the benefits that it was claimed would result to the lot without regard to the building thereon. The land and building constituted but one piece of property, and both benefits and damages to accrue by reason of the improvement can only be properly estimated by considering the effect upon the property as a whole.

But the offer of proof made by counsel in response to the suggestion of the court did include the entire property, and we think the court was in error in rejecting it. If the proposed change in the grade of the streets would result in damage to the property in question, it would only be because it would depreciate its market value; for, as has been said, the pecuniary loss is the measure of damage in such cases. The use to which property is devoted, or for which it is suitable, having regard to the present or immediate future, is a proper element to be considered in ascertaining its market value. Boom Co. v. Patterson, 98 U. S. 403, 25 L. Ed. 206. So, too, in determining whether or not, in cases like the present, a change in the grade of the street will result in damage, it is proper to consider the cost of adjusting the property (including, of course, the buildings thereon) to the new grade, the damage to trees, if any, as well as any benefit which will accrue to the property by the change. Lewis on Eminent Domain, §§ 217, 218g. But while the use to which the property is devoted is proper to be considered in estimating its market value, the mere impairment of its use for that particular purpose would not necessarily entitle the owner to damages; for if the market value of the property, ascertained by considering all of the ele-

ments entering into that value (including the use to which it is or may be devoted), will be enhanced by the improvement, there would, manifestly, be no pecuniary loss, and therefore no legal damage. The court below was therefore also in error in instructing the jury, as it did, that, if the expense necessary to make the church building conform to the new grade and make it accessible will exceed any advantage or benefit in the use of the property, such excess should be allowed the owner as compensation for changing the grade.

The judgment is reversed, and the cause remanded for a new trial.