ELIZABETH SENSFELDER v. EZRA STOKES AND JOHN G. MacELROY.

Argued November 7, 1902—Decided February 24, 1903.

Upon a rule to show cause, a verdict cannot be supported upon a theory of the law contrary to that upon which the case was submitted to the jury.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff, *Howard Carrow.*

For the defendants, *John W. Wescott.*

The opinion of the court was delivered by

PITNEY, J.   This is an action of tort to recover damages for alleged fraudulent misrepresentations made by the defendants to the plaintiff.   The plaintiff having obtained a verdict, a rule was granted requiring her to show cause why

the verdict should not be set aside and a new trial granted, on the ground, among others, that the verdict is contrary to the weight of the evidence.

The gist of the plaintiff's case is that she was the owner of a hotel property of considerable value, and that the defendants induced her to exchange it for $1,100 in cash and $11,-000 par value of the stock of the Investors Company (a corporation owned and controlled by the defendants) by falsely and fraudulently representing to her that the company owned certain lands of large value, had cash assets and had been paying substantial dividends; that these representations were false and known by the defendants to be so, and that the stock received by her in exchange for the hotel property was entirely worthless.

The plaintiff did not claim to have rescinded the transaction. On the contrary, the action was based on an affirmance of the exchange of properties as valid and binding, the plaintiff claiming damages simply for the deceit. It was on that basis that the trial judge undertook to submit the case to the jury.

At the same time it appeared in evidence that some time after the plaintiff conveyed her hotel to defendants and received from them the stock in exchange, some negotiations took place between her and the Investors Company, or its representatives, looking towards a surrender to that company of her shares of stock in exchange for some of the lands owned by the company. The great weight of the evidence showed that this exchange had been carried into effect, the plaintiff having transferred her stock to the company and having received through an agent deeds of conveyance made by the company to her. This transaction was closed before the commencement of the suit.

The trial judge ordered an amendment of the pleadings by directing that the defendants file a special plea setting up that before the bringing of this suit the plaintiff had parted with all right, title and interest in her shares of stock, and ordered that the trial proceed upon that issue. And in his charge to the jury the judge instructed them that before con-

sidering the proofs upon the question of fraudulent misrepresentations made by the defendants to the plaintiff, the jury must "consider another question, which has become one of the issues in this case, and, with respect to which, during the trial, the court has said that the pleadings are to be considered as amended, because the action has been tried fully on both sides, and that is, whether the plaintiff had not parted with this $11,000 worth of stock voluntarily before she brought this suit. It is needless to say that if she was not the owner of this stock, if she had no interest at all in it at the time that she brought this suit, she cannot have any damages with respect to what had happened before she parted with her stock, because she can only be a plaintiff in this suit on the theory that she is or was the owner of the stock at the time she brought the suit." And after referring to the evidence upon the question of the transfer of the stock from the plaintiff to the Investors Company, the judge proceeded to charge the jury that "if you believe that this transfer took place as these men testify that it did, then your verdict must be for the defendants, for the simple reason that the plaintiff has no interest in the stock that she then parted with. If she parted with it, in fine, she has no longer any interest in this suit."

Plaintiff's counsel did not assent to this instruction, but, on the contrary, noted an exception thereto. The ground of this protest doubtless was that inasmuch as the plaintiff was not seeking to rescind the exchange made between her and the defendants, she was not obliged to hold herself in readiness to restore to them that which she had received from them in the exchange; that as she had affirmed the exchange she was entitled to deal with the stock as her own for all purposes, and if she had subsequently transferred it to the Investors Company for a consideration she was only doing what she had a right to do with her own property, and did not thereby disable herself from recovering damages from the defendants for their fraudulent representations. With this contention of the plaintiff it would not be difficult for us to agree. But that consideration cannot move us to sustain the

present verdict. For it is well settled that a verdict cannot be supported upon a theory of the law contrary to that upon which the case was submitted to the jury. *Hays* v. *Pennsylvania Railroad Co.,* 13 *Vroom* 446; *Marts* v. *Cumberland Insurance Co.,* 15 *Id.* 478; *Halsey* v. *Lehigh Valley Railroad Co.,* 16 *Id.* 26.

Because the verdict of the jury is contrary to the great weight of the evidence upon an issue that the trial judge instructed them must be controlling, the verdict will be set aside and a new trial granted.