BRIDGET QUINLAN AND JOHN QUINLAN v. MICHAEL WELSH.

Argued February 27, 1907—Decided June 10, 1907.

On a rule to show cause, in an action for injuries to real property, where the damages found are alleged to be excessive, the verdict will not be set aside on a mere preponderance of proof, nor unless it is so evident that the jury have erred as to convince of mistake, prejudice or partiality.

---

On rule to show cause.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the plaintiffs, *Frederic M. P. Pearse* and *Robert Adrain.*

For the defendant, *Alan H. & Theo. Strong.*

The opinion of the court was delivered by

TRENCHARD, J.   This action was brought by the plaintiffs against the defendant to recover damages for injuries alleged to have been done to the property of the wife, Bridget Quinlan, by reason of the unlawful cutting down of the highway known as Main street in front of her property in the borough of South Amboy.   At the trial there was testimony tending to show that the work was done by the defendant, and that it was done without lawful authority.

The trial judge correctly charged the jury that "the damages must be limited to the value of the loss of enjoyment of the property from some time in August or September, 1905, until the 18th day of December, 1905."   *Hatfield* v. *Central Railroad Co.,* 4 *Vroom* 251; *Ackerman* v. *Nutley,* 41 *Id.* 438.

The jury found a verdict for the plaintiffs for $150.

The defendant was allowed a rule to show cause why the verdict should not be set aside and assigns numerous reasons why the rule should be made absolute.   However, the only reason argued is that under the rule laid down by the trial judge the damages were excessive.

To be sustained the verdict must be supported upon the theory of the law upon which it was submitted to the jury. *Sensfelder* v. *Stokes,* 40 *Vroom* 86.

We think the verdict in this case may be thus sustained.

Witnesses called by the plaintiffs testified in effect that the work of grading was begun in August, 1905, and continued until December 18th, 1905, when the summons was issued; that the property of Mrs. Quinlan abutting the cut consisted of two dwelling-houses erected on a lot having a front of seventy-five feet on Main street; that one of these houses was a single house in which Mrs. Quinlan resided with her husband; that the other house was one-half of a double house, which one-half was rented for $8 per month; that the house in which the plaintiffs resided had been rented years ago, before it had been improved, for $20 per month; that at the time the work was commenced the houses were eighteen inches above grade; that the cut was made four feet six inches below

this; that the curbstones, sidewalks and fences fell down, rendering it impossible to enter the premises from the front. Some of this testimony was contradicted by witnesses on the part of the defendant, but it was the province of the jury to say to which the greater credit should be given.

On a rule to show cause, in an action for injuries to real property, where the damages found are alleged to be excessive, the verdict will not be set aside on a mere preponderance of proof, nor unless it is so evident that the jury have erred as to convince of mistake, prejudice or partiality. *Merritt* v. *Harper*, 15 *Vroom* 73.

We find no such cause for disturbing this verdict, and the rule to show cause will be discharged, with costs.