IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

JUNE TERM, 1910.

---

### HERBERT COTTRELL v. ASBURY FOUNTAIN.

Submitted March 18, 1910—Decided September 6, 1910.

1. Where a jury is justified in awarding punitive damages against a defendant, the fact that its verdict is for a sum in excess of that which will compensate the plaintiff for the injury received by him affords no ground for setting it aside.
2. A hypothetical question, put to an expert, which recites certain facts proved in the case, and which calls only for the resultant from such facts, is competent.
3. It is not error to refuse a request to charge which calls upon the court to give controlling force to a particular set of circumstances which, at best, furnish matter for argument before the jury.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and VOORHEES.

For the rule, *George S. Silzer.*

*Contra, Charles T. Cowenhoven* and *Alan H. Strong.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action for an assault and battery. The assault was committed on or near a public road in the county of Middlesex, where the defendant was employed, with assistants, in opening a culvert under the road which had been filled up by the plaintiff in order to prevent it from venting waters upon his adjacent property. The assault was admittedly unprovoked, and the court left it to the jury to say whether the plaintiff was entitled to recover exemplary damages as well as compensation. The jury found for the plaintiff, and awarded him damages amounting to $1,000.

The first reason relied upon by the defendant for making the rule absolute is that the amount of damages is greatly in excess of a reasonable compensation for the plaintiff's injury. If this be the fact, then it necessarily follows that the excess beyond compensation was awarded by the jury by way of punishment of the defendant, and the jury were justified under the charge of the court in so dealing with the case. There is no contention on the part of the defendant that this portion of the charge was not warranted by the proofs.

The second reason advanced for making the rule absolute is that the court erred in excluding testimony offered to show that the defendant was engaged in the work of opening the culvert under authority conferred upon him for that purpose by the board of freeholders. It is argued that this testimony, if admitted, would have negatived the idea that the defendant was actuated by malice. We are unable to perceive any force in this contention. The assault being unprovoked, its malicious character did not at all depend upon the fact that the defendant was legally authorized to prosecute the public work upon which he was engaged at the time when he committed it. Moreover, if we had concluded that the exclusion of the testimony was erroneous, the defendant could have taken no benefit therefrom, for the error was corrected by the subsequent action of the trial court, at the close of the defendant's

case, in reversing the ruling complained of, and offering to defendant's counsel leave to put in the excluded testimony.

Still another reason advanced for making the rule absolute is that the court erred in permitting the following question, asked of a physician by the counsel of plaintiff, to be answered over objection: Question. "What would be the effect, doctor, of a man running nearly three-quarters of a mile, and suddenly doused in a ditch of water and mud, the clothes becoming saturated—what would be the effect as producing cold?" The answer was: "It would be a shock to his system and make him more susceptible to taking cold." The ground of the objection was that the question, being a hypothetical one, was improper, because it did not contain all the facts in the case. It did, as we view the testimony, contain all of those facts which were necessary for its proper answer. It did not seek to bring out the opinion of the expert as to the cause of the cold from which, he had testified, the plaintiff was suffering after the assault. Had that been the purpose of the question, it would have fairly been subject to the criticism made upon it, of not reciting all of the proved facts bearing upon the matter. But the facts contained in it had, each of them, been put in evidence, and the resultant from those facts alone was sought to be brought out by the question. The jury were then left by the plaintiff to determine whether, in view of all the proofs, the cold from which he suffered was the direct result of the assault committed upon him by the defendant. This course of procedure was, in our opinion, entirely unobjectionable.

Another, and the only remaining reason relied upon by the defendant for directing a new trial, is that the court erred in not charging the following request submitted by him: "If the plaintiff remained standing for ten minutes, or half an hour, and by reason thereof contracted a cold, or other injuries, he can't recover therefor from defendant, if he could have avoided it by going home." The request was, in our opinion, properly refused, and for two reasons. In the first place, there was no proof submitted to the jury from which they could have determined that the plaintiff could have

avoided the consequences specified in the request by going home. In the second place, if such proof had been submitted, the request was objectionable, because it called upon the court to give controlling force to a particular set of circumstances which, at best, furnished matter for argument before the jury. The most that can be said in its favor is that the charging of it, or the refusal to charge it, was a matter in the discretion of the court, and that the exercise of that discretion by the court furnished no legitimate ground of complaint. *Dobbs* v. *West Jersey Railroad Co.*, 49 *Vroom* 679.

The rule to show cause will be discharged.