## ELIZABETH BOWLBY, EXECUTRIX, v. THE INHABITANTS OF THE TOWN OF PHILLIPSBURG.

Submitted July 5, 1912—Decided November 11, 1912.

In order to sustain a verdict on a rule to show cause, the evidence must show a case within the legal rules upon which the court submits the case to the jury.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and BERGEN.

For the rule, *J. I. Blair Reiley.*

*Contra, Sylvester C. Smith.*

The opinion of the court was delivered by

BERGEN, J. This action was brought to recover damages for an alleged alteration of a street grade in front of plaintiff's premises, in the town of Phillipsburg. The plaintiff had a verdict and the defendant was allowed a rule to show cause why it should not be set aside.

While numerous reasons are urged in support of the rule it is only necessary to consider one of them, which is that while the street had been altered in grade to the property line of the plaintiff, no alteration of grade had been made in front of plaintiff's property.

The trial court submitted the case to the jury under the following instructions: "In this case, before you can find for the plaintiff at all, you must find that the grade of the street in front of the property in question has been altered by work actually done under the ordinance, and if you find as a fact that the grade of the street has not been altered by work actually done on the street, then your verdict must be for the defendant."

Thus the law of the case as laid down by the trial court required the jury to find as a matter of fact that the grade of the street had been altered in front of the plaintiff's property, before they could find in her favor. Whether these instructions express the true legal rule or not, it became the law of the case, and in order to sustain a verdict on a rule to show cause, the evidence must show a case within the legal rules, upon which the court submits the case to the jury. *Sensfelder* v. *Stokes,* 40 *Vroom* 86; *Cook, Administrator,* v. *American Gunpowder Co.,* 41 *Id.* 65.

There is no evidence in this case which justified the jury in finding that the grade of the street in front of the plaintiff's property had been changed or altered. The plaintiff was a witness and testified that some repairs had been made to the street in front of her place where the dirt had washed out, and when she was asked whether there had been any work done on the street, her reply was, "The steam roller was over there, that it went up and down," and she was asked:

"*Q.* There was a gully in the middle of the street in front of your house that had been washed out by the water coming down in the gutter on the other side of the street. Was there not?

"*A.* Yes, sir."

There is no evidence whatever to show that the grade of the street was altered by virtue of any ordinance or resolution.

Mr. Anderson testified that the street was macadamized for part of the way, and as to the rest, they merely put a crown on it that was taken out of the ditch—that is, the road was ploughed on each side, and the dirt thrown in the middle of the street. He also said that it did not raise the street, and that the dirt which had been put in there had since then washed away. In fact there is no pretence on the part of the plaintiff that the street in front of her property was ever altered in grade to conform to the parts of the street which had been graded under the ordinance, but the argument by the plaintiff is that the alteration of the grade of the street beyond plaintiff's line is a present injury, and that if the improve-

ment is carried on, on the same grade, then she will suffer a serious injury, but, as we have said, the law of the case as laid down by the court requires the jury to find that the grade had actually been altered in front of the plaintiff's property, and there is no evidence to support a finding of that fact.

Therefore, the rule to show cause should be made absolute.