NEW ARCADE CO. v. OWENS.

(Court of Appeals of District of Columbia. Submitted January 10, 1919. Decided June 2, 1919.)

No. 3178.

1. EVIDENCE ⬯158(28)—SECONDARY—BOOK ENTRIES.

In an action for damages to celery during cold storage, the market value of undamaged celery and price at which the celery was actually sold may be shown by any one having a knowledge of the facts, and need not be established by original book entries.

2. APPEAL AND ERROR ⬯232(2)—RESERVING GROUNDS FOR REVIEW—EVIDENCE.

An objection that papers admitted in evidence were not original entries does not save the point that memoranda used to refresh a witness' recollection are inadmissible.

3. EVIDENCE ⬯501(7)—OPINION—MARKET VALUE.

A witness' testimony that he asked different people what they secured for celery, that he watched market quotations, etc., formed a sufficient basis for his testimony regarding market value of celery.

4. EVIDENCE ⬯589—WITNESSES ⬯83—COMPETENCY—PARTY IN INTEREST.

That a witness is a party to the action goes to his credibility, and not to his competency.

5. APPEAL AND ERROR ⬯203(3)—RESERVING GROUNDS FOR REVIEW—EVIDENCE.

The objection that a witness lacked sufficient knowledge to express an opinion on the market value of goods damaged in a cold storage warehouse cannot be considered on appeal, when not raised below.

6. DEPOSITIONS ⬯101—ADMISSIBILITY.

A deposition taken by one party may be introduced in its entirety by the opposing party.

7. APPEAL AND ERROR ⬯1052(2)—HARMLESS ERROR—DEPOSITIONS.

Any error in permitting one party to introduce only a portion of a deposition taken by his opponent becomes immaterial, where the party taking the deposition subsequently introduces all of it.

8. APPEAL AND ERROR ⬯691—RESERVING GROUNDS FOR REVIEW—EVIDENCE.

The contention that a ruling permitting appellee to introduce part only of a deposition taken by appellant prejudiced appellant by prevent-

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing him securing a directed verdict cannot be sustained, where the bill of exceptions does not contain all the evidence, and record contains no assurance that appellee would not have introduced the entire deposition, or other evidence to the same effect, if a contrary ruling had been made.

9. COURTS ⊚═445—DISTRICT OF COLUMBIA—SUPREME COURT—CERTIORARI— SET-OFF.

Where a case over which the municipal and Supreme Courts of District of Columbia have concurrent jurisdiction is transferred to the Supreme Court by certiorari, defendant is not required to plead a set-off until the case is in the Supreme Court.

10. COURTS ⊚═445—DISTRICT OF COLUMBIA—SUPREME COURT—SET-OFF— AMOUNT IN CONTROVERSY.

Where a case over which the municipal and Supreme Courts of District of Columbia have concurrent jurisdiction is transferred to the Supreme Court by certiorari, and defendant then pleads a set-off, the Supreme Court has jurisdiction to render judgment on the set-off for an amount exceeding the municipal court's jurisdiction.

11. APPEAL AND ERROR ⊚═699(4)—RESERVING GROUNDS FOR REVIEW—IN-STRUCTIONS.

Where the record does not set forth the court's charge, but contains a statement that the charge was in substance as requested, and that no objections were taken, an assignment that the court refused to grant certain requested instructions does not establish prejudicial error.

Appeal from the Supreme Court of the District of Columbia.

Suit by the New Arcade Company against Ernest V. Owens. Judgment for defendant on its plea of set-off, and plaintiff appeals. Affirmed.

S. Herbert Giesy and Maurice D. Rosenberg, both of Washington, D. C., for appellant.

Edwin C. Dutton and Tracy L. Jeffords, both of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This suit was brought in the municipal court of the District of Columbia by appellant to recover storage charges amounting to $181.50 on certain celery stored by appellee in appellant's cold storage warehouse.

The case was removed by writ of certiorari to the Supreme Court of the District, where appellee admitted his indebtedness to appellant, but filed a plea of set-off, claiming damages in the sum of $1,045.90 for failure of the appellant to keep the storage room at a proper temperature, resulting in injury to the celery stored. On trial, appellee was awarded judgment for the full amount of his claim, less the amount admitted to be due appellant. From the judgment, appellant appeals.

[1, 2] The first assignment of error relates to the admission in evidence of certain sales sheets showing the prices at which the various crates of celery were sold and the average market prices of undamaged celery at the times of such sales. The witness Davis testified that these sheets were made by him from memoranda and sales slips, some of the latter being produced in evidence. The memoranda and the balance of the slips had been destroyed. It is not clear from the record upon

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

just what theory appellee sought to introduce these sheets; but the court interposed the following question:

"Do you know, Mr. Davis, that the prices were correct at the time the paper was made?"

To which the witness answered:

"Yes."

The following objection was then made by counsel for appellant:

"For the reason, first, the original entry was the slips, and it does not appear that the paper offered in evidence was made at the time of the transaction,. but was compiled afterwards; and, secondly, it is not competent testimony to prove market value, and inadmissible for such purpose."

It was not necessary to prove by original entries the respective prices at which the celery was sold, or the market value of undamaged celery at the time of such sales. Proof could have been made by any one having a knowledge of the facts. It appears that Davis had this knowledge, at least at the time he compiled the sales sheets. In Jones on Evidence, § 883, it is stated:

"Although it is clear that the document is not admissible as evidence when it so recalls the facts to the mind of the witness that he remembers them and can testify from his actual recollection, it has frequently been held that *another rule prevails when the witness*, after examining the memorandum, *cannot testify to an existing knowledge of the fact, independently of the memorandum, but can testify that*, at or about the time the writing was made, *he knew of its contents and of its truth* or accuracy. In such cases, both the testimony of the witness and the contents of the memoranda are held admissible."

It is apparent that it was upon this theory the court admitted the sales sheets.

"Whether, under the conditions stated, the memorandum so made by one party may be introduced in evidence on his behalf, presents a question concerning which there is a decided conflict of authority. This question is an open one in the Supreme Court of the United States. Bates v. Preble, 151 U. S. 149, 157, 14 Sup. Ct. 277, 38 L. Ed. 106." Sechrist v. Atkinson, 31 App. D. C. 1.

In that case it was held unnecessary to decide the question. Neither is it necessary here; since the objection made by counsel for appellant was limited solely to the fact that the sheets did not contain original entries, a requirement not necessary under the theory upon which they were admitted.

[3, 4] The second contention of counsel for appellant is that the testimony adduced on behalf of appellee as to the market value of good celery was merely hearsay. Defendant Owens testified that he "went down the line and asked different people what they got for good celery," and that he "was posted, watching market quotations, and noticing what different people did." The knowledge thus acquired formed a sufficient basis for his opinion. The fact that defendant was a party in interest goes to his credibility, and not to his competency. The case of National Union v. Thomas, 10 App. D. C. 277, relied upon by appellant, is not in point. There the court held that market value might be proved by the "private entries of disinterested persons," but

it did not foreclose to the litigant other methods of proof. In Chaffee & Co. v. United States, 18 Wall. 516, 542 (21 L. Ed. 908), also relied upon by counsel for appellant, the court said:

"A party, without having been previously engaged in any mercantile transaction, may be able to give with great accuracy the market value of an article the dealing in which he has watched, and in stating the grounds of his opinion as a witness he may very properly refer to all these circumstances, and even the verbal declarations of dealers."

See, also, Cliquot's Champagne Case, 3 Wall. 114, 141, 18 L. Ed. 116.

[5] As to the testimony of the witness Davis in this connection, it is contained in the sales sheets, supported by his statement that he "found out the price of good celery." No objection was made in the court below on the ground that this witness lacked sufficient knowledge to express an opinion on this point, and hence none can be considered here.

[6-8] It is next urged that the court committed error in permitting appellee to introduce in evidence the daily logs kept by a former engineer of appellant company, showing the varying temperatures of the room in which the celery was stored. These logs were a part of a deposition taken on behalf of appellant, and were first submitted to the court in appellee's case in chief. Under the great weight of authority:

"A deposition containing competent evidence taken by one of the parties and filed in court is admissible even when it is offered in evidence by the adverse party." Note to Doggett v. Greene (Ill.) Ann. Cas. 1913B, 1166.

Hence, appellee had the right to introduce the whole deposition. If any error was committed in admitting but a portion thereof (and on this point we express no opinion), it became immaterial upon the subsequent introduction of the whole deposition by appellant. The contention of appellant that he was prejudiced by the ruling because, had his objection been sustained, he could, with propriety, have moved for a directed verdict, is without merit. The bill of exceptions does not purport to contain all of the evidence adduced. Even if it did, the record contains no assurance that appellee would not have produced other evidence to the same effect, or the deposition in its entirety.

[9, 10]. The jurisdiction of the court to award judgment for an amount in excess of the jurisdiction of the municipal court is assailed. The amount claimed by appellant gave concurrent jurisdiction to the municipal court with the Supreme Court of the district; "and when the case was brought into the Supreme Court by certiorari, it was then, and from thence became, a case pending in the Supreme Court, as fully and to all intents and purposes as if it had been originally instituted in that court." Bradford v. Brown, 22 App. D. C. 455. The claim for set-off was not made or required to be made until the case was in the Supreme Court; hence the court had full jurisdiction in the premises.

[11] The last assignment of error relates to the refusal of the court to grant certain prayers requested on behalf of appellant. While the record fails to set forth the charge of the court to the jury, it does contain the statement that "the court thereupon charged in substance as

requested, to which charge no exception was taken." It is therefore difficult to see in what way appellant could have been prejudiced.

The judgment is affirmed, with costs.

Affirmed.