DANIEL BOZZA, PLAINTIFF-APPELLEE, v. PETER LEON-
ARDIS, JERRY LEONARDIS AND LOUIS LEONARDIS,
INDIVIDUALLY, AND TRADING AS PETER LEONARDIS
& SONS, DEFENDANTS-APPELLANTS.

Argued January 7, 1925—Decided October 15, 1925—Filed November
20, 1915.

Contracts—Sale of Merchandise—Agreement to Accept Goods at
Railroad Weight at Point of Delivery—Afterward a Large
Shortage Was Found to Exist—Judgment For Plaintiff Buyer
in Excess of His Claim—First Ground of Appeal, That Ver-
dict is Against Weight of Evidence, Cannot be Considered
Upon Appeal—Allegation of Admission of ·Illegal Testimony
Regarding Memoranda Not Sustained—Verdict in Excess of
Claim May be Corrected by Filing Remittitur For Excess—
Nonsuit on Ground That Agreement Was to Accept Railroad
Weight Properly Refused, Since Plaintiff Was Entitled to
Show the Railroad Weight Was Wrong.

On appeal from the Essex County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the defendants-appellants, *Edward Schoen.*

For the plaintiff-appellee. *Fast & Fast (Frank B. Bozza,*
of counsel).

PER CURIAM.

This is an appeal from a judgment of the Essex County
Circuit Court recovered by the plaintiff.   On October 9th,
1920, the plaintiff and defendants entered into an agree-
ment by which the plaintiff bought a carload of Concord
grapes at $150 per ton, to be delivered at Newark, New Jer-
sey.   The agreement provided that the plaintiff was to pay
for the grapes according to the railroad weight of the con-
tents in the car.   The car arrived and the railroad weight
was said to be thirty-two thousand pounds.   From this weight

there was to be deducted the weight of the trays and baskets in which the grapes were packed. This amounted to two thousand five hundred and seventy-two pounds, leaving the net weight twenty-nine thousand four hundred and twenty-eight pounds. The plaintiff upon the arrival of the grapes weighed them. He claimed he found a shortage of nine thousand and seventy-one pounds. Upon the discovery of this shortage the plaintiff contends that the defendants agreed to make good the deficiency in weight by delivering other grapes or paying cash. This suit was instituted to recover the amount of the overcharge. This case can best be considered by a reference to the grounds of appeal.

The first ground is that the verdict of the jury was against the weight of the evidence. This ground cannot be considered on an appeal. We have nothing to do with the weight of the evidence.

The second ground is that illegal testimony was admitted by the trial judge when he admitted memoranda made by the plaintiff showing the weight of the grapes as weighed by the plaintiff. No exception appears in the record of the case to the court's admission of these memoranda. This was pointed out at the argument of the case. By a stipulation now produced, it appears that an exception was taken to the court's admission of the memoranda. The consideration of the admissibility of the memoranda must, however, be confined to the scope of the objection. The objection made was lengthy, but appears to be that the memoranda were immaterial. It is now argued that the memoranda were not of themselves evidential, and could only be used to refresh the plaintiff's memory. This contention will not be considered, as it was not made a ground of objection. If it be true that, before the payment was made, the defendants agreed to refund any excess due shown by the reweighing either in cash or grapes, then the memoranda were not immaterial to the issue. We have therefore reached the conclusion that there was no error in the admission of the memoranda in evidence which we can consider.

The third ground of appeal in that the verdict of the jury was contrary to law, because the total am unt sued for was $560, whereas the verdict was for $722.97. That a verdict and judgment for greater damages than the declaration claims are erroneous is entirely settled. *Excelsior, &c., Co. v. Sweet,* 59 *N. J: L.* 444. But, as was pointed out in that case, such an error may be corrected by the plaintiff's remitting the exclusive damages, and, if such a *remittitur* were entered, this court would amend the judgment accordingly. The plaintiff in the instant case concedes that he is not entitled to recover any more than the amount claimed in the complaint, and is willing to have the verdict and judgment reduced accordingly. This can be done in the manner which will later, in this opinion, be pointed out.

The fourth and last ground of appeal is that a nonsuit was improperly refused. The nonsuit was based upon the clause of the contract by which railroad weight was to be accepted by the parties. Railroad weight is the combined weight of the merchandise and car from which there is subtracted the weight of the car. After this motion was made the court permitted the case to be opened for the purpose of supplying the weight. The court then made some suggestions regarding an amendment of the pleadings and offered to the defendants to continue the case if the amendment oppressed them. Counsel for the defendants then stated that they would prefer to go on and finish the case. The case then proceeded. The record discloses the following statement: "Defendant's counsel prays an exception to the refusal of the court to nonsuit. Exception noted as ground of appeal." There is no reason given for the motion to nonsuit except that it was previously made. There was assent given by the defendant's counsel to the new issue suggested by the court. In view of this, it seems to us that there can be no sound contention that the case was controlled by the railroad weight. The plaintiff was entitled to show that the railroad weight was wrong and to produce his evidence upon the alleged contract to refund.

If the plaintiff will, within ten days from the filing of this opinion, file a *remittitur* in this court remitting the excessive amount of the judgment recovered by him in the Essex County Circuit Court, the judgment of that court will be affirmed, with costs.