**WALTER v. ROWLANDS et ux.**

Circuit Court of Appeals, Ninth Circuit.
October 22, 1928.

No. 5462.

690

G. A. Gibbs, of Pasadena, Cal., and John G. Graham, of Tampa, Fla., for plaintiff in error.

Robert Duncan, of San Francisco, Cal. (Annette Abbott Adams, of San Francisco, Cal., of counsel), for defendants in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). ▮ It is assigned as error that in answer to the question, what was his understanding of the condition of the C. A. Goodyear Lumber Company at the time of entering into the contract of March 23, 1923, Lamont Rowlands was permitted to testify that his understanding was that the company was in a very serious condition, and that "the report of the president to the stockholders indicated that." It is objected that the testimony was proof, not of the fact of financial difficulties, but only of Rowland's state of mind. To this it is to be said that the state of mind of the witness had been brought in issue by the plaintiff's contention that he had not acted in good faith in dealing with Henrietta Goodyear. The trial court ruled that the testimony was admissible, not as tending to show the financial condition of the corporation, but as going to the question of the good faith and the understanding of the witness when the contract was made and the source of the information on which he relied. Where the motive of a party in performing an act thus becomes a material issue or reflects light upon the same, he may testify concerning it, and his testimony is competent to be considered for the value which it may have on the question of good faith. Jones on Evidence (2d Ed.) §§ 709, 710, and cases there cited. And in any event there was no reversible error in the ruling upon the objection specified and relied upon, which was that the testimony was not the best evidence of the contents of a written report, for the report was later received in evidence without objection.

▮ We find no error in the trial court's refusal to strike out, as tending to alter or vary the terms of the written contract, the testimony of Lamont Rowlands that in his conversation with Henrietta on the day prior to the execution of the contract nothing was said about guaranteeing the principal of the stock. That the contract was ambiguous admits of no doubt. The parties litigant claimed for its provisions totally diverse meanings, the plaintiff asserting that therein the defendants had agreed to pay Henrietta $175,200 within her lifetime and interest thereon from January 1, 1923; the defendants contending that the contract bound them only to the payment of interest on $175,200 from January 1, 1923, to the date of Henrietta's death. Where the meaning of the contracting parties is thus made uncertain and may not be ascertained by reference to the body of the instrument, evidence may be received of the acts of the parties prior to and at the time of entering into the contract. Lowrey v. Hawaii, 206 U. S. 206, 211, 27 S. Ct. 622, 51 L. Ed. 1026; Standard Scale & Supply Co. v. Reiter (C. C. A.) 199 F. 91; Neal v. Akers (C. C. A.) 286 F. 903; Miller v. Spring Garden Ins. Co. (C. C. A.) 202 F. 442.

▮ The foregoing considerations are also applicable to the assignment that it was error to permit the defendant Lamont Rowlands to testify as to conversations had in the office of an attorney while the latter was engaged in dictating the terms of the contract, in which conversations the said defendant stated that all he was guaranteeing Mrs. Goodyear was the interest on her preferred stock from the time when she bought it and during her lifetime or while she was the owner thereof, to which Mrs. Goodyear answered that such was her understanding. The testimony was clearly admissible as tending to show the understanding of both parties to the contract at the time when its terms were being expressed in writing. Nor was it error to permit the attorney and his secretary to testify as to what was said on that occasion. It appeared therefrom that after the contract had been drafted and read to the contracting parties it was altered to conform to the understanding upon which their minds had met.

Several assignments challenge the findings of the trial court on the ground that they are not supported by the evidence, are contrary to the admissions of the defendants, and vary the terms of the written instrument. We deem it unnecessary to discuss in detail the evidence upon which the findings were based. They are all supported by competent evidence sufficient to sustain the court's conclusion that the relations between the defend-

ants and Henrietta Goodyear were not fiduciary, that the contract was fair and equitable toward her, that she was not damaged thereby, and that the contract was executed for her benefit and was limited to her lifetime or such shorter period as she might remain the owner of the stock and ceased upon her death. We find no error.

The judgment is affirmed.