## GARFIELD ANILINE WORKS, Inc., v. ZENDLE.

### No. 4240.

Circuit Court of Appeals, Third Circuit.

Sept. 19, 1930.

See, also, 29 F.(2d) 415.

Stein, McGlynn & Hannoch, of Newark, N. J. (Edward R. McGlynn, of Newark, N. J., of counsel), for appellant.

Elmer Friedbauer, of Passaic, N. J., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a judgment entered upon a verdict which was reduced by the trial judge to conform to what he thought was the obvious intention of the jury.

538

Abraham Zendle, who was plaintiff below, was an employee of the defendant company, which is the appellant here. Speaking of the parties as they appeared below, the defendant was engaged in manufacturing dye stuffs and colors. It entered into an agreement with Zendle in November, 1919, providing that in addition to his stipulated weekly salary, he was to receive commissions ranging from 1 to 10 cents per pound upon specific colors produced in his department and in the department under his supervision and that he was to draw upon his commissions as and when he needed money.

From the date of the contract the plaintiff received numerous payments on account of commissions, in addition to his weekly salary, until December 23, 1924, when he received $300, which was the last payment made. When this suit was brought the plaintiff claims that the defendant owed him in commissions $8,448.16, and he demanded payment of this together with interest from December 23, 1924. The jury, however, rendered a verdict of $11,126.35, which the trial judge reduced to $10,616.52, the amount he said was intended; the excess of $509.83 being a mistake in calculation of interest. In summing up his case to the jury, this was the amount ($8,448.16, with interest at 6 per cent. from December 23, 1924, to April 3, 1929, the date of the trial, a period of four years, three months, and ten days) which the defendant demanded.

■ This question might be disposed of on technical grounds because an exception was not taken to the order reducing the verdict. Wyss-Thalman v. Maryland Casualty Company of Baltimore (C. C. A.) 193 F. 53; Blisse v. United States (C. C. A.) 263 F. 961; Insurance Company v. Folsom, 85 U. S. (18 Wall.) 237, 21 L. Ed. 827; Michigan Insurance Co. v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 36 L. Ed. 162; O'Connell et al. v. United States, 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827; Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663. However, we will dispose of the case on its merits.

■ A verdict will generally be set aside and a new trial granted where it is so excessive as to indicate passion, prejudice, or other improper motive on the part of the jury, where it is contrary to the charge of the court, and where, in actions on contract, the excess cannot be ascertained; but in actions based on contract, if the excess can be readily ascertained, the verdict will be

reduced and molded to the proper amount. Rafferty, Receiver v. Bank of Jersey City, 33 N. J. Law, 368; Schreiber v. Fidelity & Casualty Company, 2 N. J. Misc. R. 272; Quinlan v. Welsh, 75 N. J. Law, 225, 66 A. 950; Bozza v. Leonardis (N. J. Sup.) 131 A. 87; Sturtevant Co. v. Champion Fibre Co., 232 F. 1 (C. C. A. 6); United Press Associations v. National Newspapers Association, 254 F. 284 (C. C. A. 8); Clark v. Sidway, 142 U. S. 682, 12 S. Ct. 327, 35 L. Ed. 1157; Koenigsberger v. Richmond Silver Mining Co., 158 U. S. 41, 15 S. Ct. 751, 39 L. Ed. 889.

■ Whether or not there was a contract which had been breached was a question for the jury and it found for the plaintiff. Under the evidence, the plaintiff was entitled to $8,448.16 with interest, if he was entitled to anything. The verdict of the jury was excessive, and it was a matter of simple mathematical calculation to determine the amount of interest from December 23, 1924, to April 3, 1929. We do not think that the trial judge erred in reducing the verdict.

■ The appellant says it was error to permit the plaintiff to testify as to the amount of dye produced and commissions earned because he did not personally keep the records.

The correctness of the records or interrogatories giving these figures was virtually admitted. At least, there is no denial that they are correct. But in addition to the testimony of the plaintiff, Nathan Koenigsberg, chemist for defendant corporation, testified that he kept a record of the production of the department of which the plaintiff was in charge and that the testimony of the plaintiff was correct as to the amount produced and commissions. Furthermore, the defendant itself later introduced the same interrogatories and cured any possible previous error. Cottrell v. Fountain, 80 N. J. Law, 1, 77 A. 465; Casey v. United States (C. C. A.) 8 F. (2d) 709; Wheeler & Motter Mercantile Co. v. Lamerton (C. C. A.) 8 F.(2d) 957, 44 A. L. R. 769. A judgment will not be reversed for technical errors which are in fact not prejudicial. De Jianne v. United States (C. C. A.) 282 F. 737; Thompson v. United States (C. C. A.) 283 F. 895; Monument Pottery Co. v. Imperial Coal Corporation (C. C. A.) 21 F.(2d) 683.

■ Defendant contends that the payment of the $300 on December 23, 1924, was an accord and satisfaction and discharged the debt; that a lesser amount of an unliquidat-

ed larger amount may be accepted in full satisfaction of the larger amount, and when so accepted acts as a full accord and satisfaction and discharge the debt; and that the court erred when it charged the jury as follows:

"Let me say this, that the simple payment of $300, if it was a commission basis, if the hiring was a commission hiring, despite the accompanying letter, does not act as a full accord and satisfaction for the claim. A lesser amount of an unliquidated larger amount does not square that larger amount."

It is true that where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed, in satisfaction, operates as an accord and satisfaction, in the absence of fraud, mistake, or imposition. But this was a New Jersey contract, to be performed in New Jersey, and so the law of New Jersey controls. Where payment of a lesser sum is to operate as an accord and satisfaction and discharge the debt of an unliquidated larger sum, it must be offered in full satisfaction of the demand and accompanied by such acts as amount to a condition that if the money is accepted, it is accepted in full satisfaction and discharge of the debt. The debtor must offer and the creditor must accept it with the full intention and understanding that it operates as a full accord and satisfaction and discharge of the debt. Rose v. American Paper Co. (Ct. of E. & A.) 83 N. J. Law, 707, 85 A. 354; Decker v. George W. Smith & Co. (Ct. of E. & A.) 88 N. J. Law, 630, 96 A. 915.

This is, in substance, what the learned District Judge charged in the following language:

"And if, on the other hand, you find that in December, 1924, the plaintiff was entitled to commissions in some amount to be determined by you, and the $300 was paid, that didn't constitute a full satisfaction of the matter, unless there was, perhaps, some agreement to that effect. Unless you find an agreement to that effect, that $300 can't be taken as dispositive of the case at all."

Evidently the jury found that there was no intention, understanding, or agreement that the payment of $300 should act as an accord and satisfaction and discharge the entire debt. A fair interpretation of the evidence supports such a finding.

The trial was without error, and the judgment of the District Court is affirmed.