## TRIO DYE WORKS, INCORPORATED, A CORPORATION, PLAINTIFF, v. SENTON SILK CORPORATION, DEFENDANT.

Decided November 7, 1931.

For the plaintiff, *Harry Joelson.*

For the defendant, *Benjamin L. Stein.*

MACKAY, C. C. J.   This action was tried before the court and a jury June 9th, 1931, in the Passaic Circuit Court. The plaintiff sought to recover from the defendant the sum of $1,607.27, with interest from March 30th, 1930, amounting to $128.56, making a total of $1,735.83 for work, labor and services upon the goods mentioned in the complaint in this case, between December 30th, 1929, and March 5th, 1930. Work on some of the goods was at the rate of fifteen cents a yard and some at seventeen and one-half cents per yard. The defendant claims that the price of the work to be done was not fifteen cents and seventeen and one-half cents per yard respectively, but thirteen cents per yard for all of the work done.

If the only evidence on the part of the defendant had been that the price of thirteen cents was the amount which plaintiff charged because of the fact that it was shown on the written memoranda referred to on pages 4, 5 and 6 of

the testimony, I would be inclined to agree with the plaintiff's contention that the verdict is contrary to the entire weight of the evidence and the result of prejudice or mistake, but there is testimony on page 8 and elsewhere that the plaintiff's authorized agent, Neslin, expressly agreed that it should be thirteen cents per yard. This leads to the conclusion that insofar as the plaintiff's direct claim against the defendant is concerned, the verdict should not be disturbed.

The defendant charged by way of counter-claim, that on February 20th, 1930, by agreement between the plaintiff and defendant, the defendant delivered silk merchandise to the plaintiff for which the plaintiff at that time agreed with the defendant to pay the sum of $2,202.89, and that in pursuance of this agreement the said silk was delivered to the plaintiff and that the same has not been paid for.

The evidence in the case, however, does not conform to the counter-claim, because the evidence presented by defendant outlines a situation which shows that the plaintiff did certain work and labor and that the same was not satisfactory; that plaintiff said, with reference to the goods upon which the work had been done: "You try and sell the goods and let me know," and, to the question: "How many pieces were there that you complained about?" the answer was: "There were forty-seven." The testimony following then shows, simply as a conclusion, that defendant tried to sell them and would lose fifty cents a yard, and plaintiff said: "You had better send them back, charge them to me back."

It therefore affirmatively appears that defendant's counter-claim is based upon the fact that plaintiff did certain work on forty-seven pieces of goods, and the work having been done in such manner that the goods were damaged and a loss would result of fifty cents per yard, that plaintiff thereupon agreed to take the goods at seventy-one and one-half cents per yard.

Testimony is then adduced to show that no work was done by the plaintiff on twenty-seven pieces of the forty-seven pieces mentioned, nor was any part of the twenty-seven pieces ever on defendant's premises, and further, that the twenty-

seven pieces referred to were in the possession of the Capo Silk Dyeing Company. The mere fact that one man may have been president of the Trio Dye Works and the Capo Silk Dyeing Company does not make them one and the same company.

Mr. Buyer, the principal witness, and in fact the only witness for defendant, testified that the dyeing was never done by the plaintiff company; that the pieces were sent to the Capo company and the Capo company said it could improve them, and that the Capo company returned the goods to the defendant by its truckman and defendant refused to accept them. The goods are and have been ever since in the possession of the Capo company ready to be delivered to defendant.

From this evidence it appears that it was not a direct sale of goods, but a taking over at a certain price goods which it is claimed plantiff damaged while doing work thereon for defendant.

Defendant's counsel in his brief says: "At the trial the evidence produced on behalf of the defendant, in support of its counter-claim was—by Mr. Buyer, that the plaintiff dyed forty-seven pieces of silk for defendant; that the goods were defectively dyed;" &c. This is not so.

A verdict cannot be supported upon a theory of the law contrary to that upon which the case was submitted to the jury. *Sensfelder* v. *Stokes*, 69 *N. J. L.* 86; 54 *Atl. Rep.* 517; *Cook* v. *American, &c., Gunpowder Co.*, 70 *N. J. L.* 65; 56 *Atl. Rep.* 114.

The evidence must show a case within the legal rules upon which the court submits the case to the jury. *Bowlby* v. *Town of Phillipsburg*, 83 *N. J. L.* 377; 84 *Atl. Rep.* 1051.

I realize that the court should not set a verdict aside even although in its opinion the jury might, upon the evidence, have found otherwise. *Knickerbocker Ice Co.* v. *Anderson*, 31 *N. J. L.* 333.

To justify the setting aside of a verdict as against the weight of the evidence, it must be so clear as to give rise to the inference that it was the result of mistake, passion or

prejudice. *Floersch* v. *Donnell,* 82 *N. J. L.* 357; 82 *Atl. Rep.* 733; *Queen* v. *Jennings,* 93 *N. J. L.* 353; 108 *Atl. Rep.* 379.

From the theory upon which the case was submitted to the jury and the testimony that was adduced at the trial, as aforementioned, I am of the opinion that the great and overwhelming weight of the evidence, including Mr. Buyer's admissions on cross-examination, is that twenty-seven pieces of goods were not dyed by plaintiff, and that the verdict on the counter-claim is the result of mistake or prejudice.

It may be that defendant will see fit to allow for the twenty-seven pieces and reduce the verdict or judgment on the counter-claim to that extent. If not, the rule to show cause as to the counter-claim will be made absolute and a *venire de novo* issue.

The rule to show cause on plaintiff's direct claim is discharged.