**GREAT AMERICAN INDEMNITY COMPANY, Appellant,**

v.

**William P. ROSE, Appellee.**

No. 16303.

United States Court of Appeals
Fifth Circuit.

March 19, 1957.

Donald L. Baker, Shreveport, La., A. R. Christovich, New Orleans, La., Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, La., for appellant.

Benjamin C. King, Charles D. Egan, Shreveport, La., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The plaintiff in the District Court and appellee in this Court is William P. Rose. On March 13, 1954, at about 10:30 at night, the plaintiff and his wife, in his automobile with Mrs. Rose driving, were in a collision at a street intersection in Shreveport, Louisiana, with a car owned by Elmer L. Smalling. The Smalling car was covered for liability insurance by a policy of the defendant-appellant, Great American Indemnity Company. The Smalling car was occupied by Mrs. Smalling and Vance Herman Chandler, the latter being the driver of the car. The defendant had also issued a policy of insurance to Chandler covering his negligence liability while driving. Mrs. Rose died from injuries sustained in the accident. The plaintiff, suing Smalling's insurer, received a jury award of $15,000 for the death of his wife and $25,000 for his own injuries. From a judgment entered on the verdict the defendant insurance company has appealed. In his complaint the plaintiff alleged that Chandler was, at the time of the accident, (1) driving at excessive speed, (2) intoxicated or under the influence of intoxicants, (3) failing to keep a proper lookout, (4) failing to keep the car under control, (5) attempting to cross the intersection

against a red light, (6) failing to yield the right of way, (7) driving on the wrong side of the street, (8) driving with defective brakes, (9) failing to apply brakes, and (10) failing to sound any warning. Smalling, plaintiff said, was negligent in permitting Chandler to drive while under the influence of liquor, and hence mentally and physically incapable of driving, and permitting Chandler to drive a car with defective brakes. The defendant denied any negligence of its assureds and charged that the fault lay with Mrs. Rose, asserting that she could and should have avoided the accident by delaying her entry into the intersection until the other car had passed through.

There were none who saw the collision except those in the two automobiles. Mrs. Smalling was attempting to tune in the radio at the time of the collision. Chandler testified he entered the intersection on a green light. One of the defendant's witnesses testified that Chandler had stated the light was yellow when he entered the intersection. Rose testified that Mrs. Rose had stopped for a red light, waited until it changed to green, and then moved into the intersection. He became unconscious as a result of the collision. His testimony was positive that the light had turned from red to green but not sure whether there was an intervening yellow light.

The plaintiff's testimony as to the excessive speed of the Smalling car is circumstantial. After the impact of the collision the Rose car was spun around, Mr. and Mrs. Rose were both thrown out on the left side and the spare tire of the Rose car was thrown from the trunk a distance of more than a hundred fifty feet. Witnesses who heard, but did not see, the collision testified that it sounded like an explosion.

The plaintiff called Chandler and Smalling under cross-examination. From their testimony it was developed that early in the evening of the day of the accident Smalling and Chandler had been to a Shreveport bar and purchased a half pint of whiskey, out of which Chandler had no less than three unmeasured drinks. Together they visited three roadside night clubs, so called, at one or more of which Chandler had beers. Smalling, saying in effect that his drinking might affect his driving, asked Chandler to pick up Mrs. Smalling in his car. While on this mission the accident occurred which gave rise to this litigation. Witnesses for the defendant testified that Chandler seemed not to be under the influence of intoxicants. By the cross-examination of Smalling it was shown that Smalling and his wife had brought a suit in the state court of Louisiana against Rose and Chandler and against their insurance carriers. A claim was asserted for injuries growing out of the same incident as gave rise to the action before us. From the petition in the state court suit was read an excerpt charging that Chandler was under the influence of intoxicants at the time of the accident. The pleading was signed by the Smallings' attorney but not by them. Smalling said he had told the attorney who drew and signed the petition that Chandler had had a drink or two but did not tell him that Chandler was under the influence of liquor. The entire state court proceeding was put in evidence by the defendant.

Assigned as errors are the action of the court in permitting the excerpts from the state court proceedings, and in denying motions of the defendant for a directed verdict, for judgment notwithstanding the verdict, and for a new trial. For our initial determination is the question of the admissibility of the pleading excerpt. Our question is not one of estoppel, nor is it one relating to judicial confession. West's LSA–Civ. Code, art. 2291; Jackson v. McWilliams Dredging Co., 5 Cir., 1935, 76 F.2d 795. Pleadings in other cases are admissible to be considered with other evidence against the pleader. Succession of Hope v. First National Bank & Trust Co., 198 La. 878, 5 So.2d 138. Conceding the general rule, the defendant urges that it is not applicable where, as here, the pleading has been signed by the attorney and not by the party himself. The rule, the defendant

contends, is. as set. forth. in Corpus Juris where it is said:

> "It has been held that a party is bound by admission contained in a pleading· prepared by his attorney, although he did not know of the statements therein, and even though he had no actual knowledge of the existence of the pleading. But the more generally accepted view recognizes a distinction between statements contained in pleadings in another case, which are emanation of counsel, and those which can fairly be regarded as statements by the party, and as a result requires, as a condition of admissibility, that the statement be affirmatively connected with the party as one which he has made because it was true." 22 C.J. 335, quoted in Fidelity & Deposit Co. of Maryland v. Redfield, 9 Cir., 1925, 7 F.2d 800, 803. See 31 C.J.S., Evidence, § 303, p. 1077.

In the Sixth Circuit it has been said that there is a question as to whether the general rule applies to the admission of pleadings in another action which were not signed by the party and were prepared by counsel. It is stated that the weight of authority is opposed to the admissibility of such evidence. Fuller v. King, 6 Cir., 1953, 204 F.2d 586. Professor Wigmore recognizes that the authorities are in conflict. A preference for the principle which requires such pleadings to be received in evidence over the rule which excludes them is thus stated by Professor Wigmore:

> "That the pleadings in prior causes, then, can be treated as the parties' admissions, usable as evidence in later causes, must be conceded:
>
> \*　\*　\*　\*　\*　\*
>
> "The rule of law, however, as. generally applied under the orthodox common-law system of pleading, seems to have been to exclude all common-law. pleadings filed in other causes. On the other hand, under most of the reform systems (by which the pleadings, approximating the chancery practice, are required

to be signed by the party, and sometimes to be sworn to) they are commonly ruled to be admissible if it appears that the party signed them. A few Courts concede the same result also when the party's personal knowledge of the pleading's contents is otherwise shown. For the reasons already explained, all of these limitations and requirements must be regarded as unsound, and this a few. Courts appear to hold." 4 Wigmore on Evidence, 3rd. Ed. 52, 54, § 1066.

Louisiana has adhered to the rule as supported by Wigmore. The Supreme Court of Louisiana has cited Wigmore with approval and has pointed out that a party whose admissions have been offered against him may offer any evidence which serves as an explanation for his former assertion of what he now denies to be the fact; and that where the attorney and not the party has signed the pleading it may be shown that the attorney was not authorized to make the allegations contained in the pleadings. Coleman v. Jones & Pickett, 131 La. 803, 60 So. 243; 4 Wigmore on Evidence, 3rd Ed. 23, 54, §§ 1059, 1066. Pertinent to the narrow point of our inquiry is the following:

> "Error is now assigned to the receipt in evidence of the original complaint, which was offered by the defendant both as evidence of agency, and as a formal ratification of the contract. One ground of objection to its admission was lack of proof of authority of the Railways' attorney to bind his client by the averments of the pleading. Such an objection is clearly not sustainable. A pleading prepared by an attorney is an admission by one presumptively authorized to speak for his principal." Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, 2 Cir., 1929, 32 F.2d 195, 198.

■ As a part of the defendant's case it offered in evidence the entire record in the other litigation. Although we find no error in. the admission in evidence of the portion of the. pleading offered by the

plaintiff, had there been error it would have been cured when the appellant offered the whole of it.

"Error in the admission of evidence offered by one party is cured where practically the same evidence is afterward introduced by the adverse or objecting party or elicited on cross-examination. Similarly, defects or omissions in evidence introduced by one party may be cured or supplied by evidence subsequently introduced by his adversary or brought out on cross-examination." 5 C.J.S., Appeal and Error, § 1735 b, p. 1018.

It follows that any error in the admission of a part of or excerpts from a document is cured when the adverse party places the whole of the instrument in evidence. New Arcade Co. v. Owens, 1919, 49 App.D.C. 65, 258 F. 965; Walter v. Rowlands, 9 Cir., 1928, 28 F.2d 687; Garfield Aniline Works v. Zendle, 3 Cir., 1930, 43 F.2d 537.

There was no error in denying appellant's motions for an instructed verdict, for a judgment notwithstanding the verdict, or for a new trial. These assignments of error raise no questions except as to the sufficiency of the evidence. The case was one where conflicts in the evidence existed and where different inferences might have been drawn. Such conflicts have been resolved by the jury. The evidence was sufficient to sustain the verdict. It is not the function of this Court in such a case to re-examine disputed facts after a jury verdict, and a judgment on the verdict will not be disturbed on appeal. Maryland Casualty Co. v. Kador, 5 Cir., 1955, 225 F.2d 120; American Fidelity & Casualty Co. v. Drexler, 5 Cir., 1955, 220 F.2d 930; Indamer Corp. v. Crandon, 5 Cir., 1954, 217 F.2d 391; Dowell, Inc., v. Jowers, 5 Cir., 1950, 182 F.2d 576.

The plaintiff's motion that the appeal be dismissed as frivolous, with damages, will be denied. The judgment appealed from is

Affirmed.