## O'CONNELL ET AL. *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 221. Argued April 23, 26, 1920.—Decided May 17, 1920.

A standing rule of a District Court extended the term for the purpose of making and filing bills of exceptions and another provided that the time allowed by the rules might be extended by order made before its expiration but that no such extension or extensions should exceed thirty days in all, without the consent of the adverse party.

*Held,* that the court lost its power to receive and settle a bill of exceptions when the term as extended by rule had expired and when a further period of less than thirty days, allowed by order made before such expiration, had also expired; notwithstanding further attempted extensions, each ordered before expiration of its predecessor. P. 145.

Amendment of assignments of error may be allowed on motion, in proper cases. P. 147.

The constitutionality of the Selective Service and Espionage Acts and the criminality of conspiracies to obstruct recruiting and enlistment by persuasion were settled by decisions of this court announced since the writ of error herein was sued out. *Id.*

In a trial on two counts the verdict, written apparently on a printed form, declared the defendants "guilty on the — count of the Indictment, and — on the — count of the Indictment." No objection was made until after the case came to this court. *Held,* that all parties evidently understood it as a general verdict and that the informality did not make it fatally defective or the sentence, on both counts, invalid. P. 148.

That part of § 6 of the Selective Service Act providing "any person who shall make or be a party to the making of any false statement or certificate as to the fitness or liability of himself or any other person for service under the provisions of this Act, or regulations made by the President thereunder, or otherwise evades or aids another to evade the requirements of this Act or of said regulations," applies to persons who are not officers or charged with the duty of carrying the act into effect. *Id.*

Affirmed.


THE case is stated in the opinion. The second count charged that the defendants conspired to make and caused to be made false statements and certificates as to their liability and as to the liability of certain other persons, named or unknown, for military service under the Selective Service Law and regulations, and to aid and abet such persons, they being of draft age and liability, to evade the act and regulations, and particularly to aid and counsel them to refuse and fail to present themselves for the physical examinations, and for military service when called, etc., with overt acts.

*Mr. Gilbert E. Roe,* with whom *Mr. Joseph L. Tepper, Mr. Seth Shepard, Jr., Mr. David Jay Smith, Mr. Herman B. Smith* and *Mr. T. C. West* were on the briefs, for plaintiffs in error.

*Mr. Assistant Attorney General Stewart,* with whom *Mr. W. C. Herron* was on the brief, for the United States.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Plaintiffs in error were tried under an indictment with two counts. The first charges a conspiracy to violate the Espionage Act,—§ 3, Act June 15, 1917, c. 30, 40 Stat. 217, 219—by obstructing the recruiting and enlistment service; the second a conspiracy to violate the Selective Service Law—§ 6, Act May 18, 1917, c. 15, 40 Stat. 76, 80.

A demurrer, challenging the constitutionality of both acts and the sufficiency of each count, was overruled.

The trial continued from September 12 to 25, 1917, and resulted in the following verdict: "We, the jury, find Daniel O'Connell, David J. Smith, Herman B. Smith, Carl J. F. Wacher, Thomas Carey, and E. R. Hoffman the defendants at the bar, guilty on the — count of the Indictment, and — on the — count of the Indictment. Thomas H. Haskins, Foreman." No objection was made to this verdict when returned, nor at any time prior to May 31, 1919, long after the record came here, when permission was asked to amend the assignments of error.

Motions for new trial and in arrest of judgment were overruled. The former attacked the verdict as contrary to law and the evidence but said nothing concerning its form. The latter recited "And now after verdict against the said defendants and before sentence, come the said defendants in their own proper persons and by Daniel O'Connell their attorney and move the court here to arrest judgment herein and not pronounce the same,"

and specified the following grounds: (1) The indictment fails to set forth facts sufficient to constitute an offense; (2) The first count is repugnant to itself for reasons set forth in the demurrer; (3) The second count is based on the Act of May 18, 1917, inapplicable to the defendants because they were not engaged in carrying out its terms; (4) The first count does not adequately inform defendants concerning nature of charge against them; (5) Both the Acts of May 18 and June 15, 1917, are in conflict with the Constitution and are invalid.

September 29 O'Connell was sentenced to the penitentiary for five years on the first count and for two years on the second, the terms to run consecutively. The other plaintiffs in error were sentenced to varying concurrent terms under both counts, none being in excess of three years. On the same day a writ of error from this court was allowed.

The record contains a bill of exceptions, with an elaborate explanatory certificate signed by the District Judge.

The trial took place during July term, 1917; the next term as appointed by statute began November 15. On September 29, thirty days were granted for preparation and presentation of a bill of exceptions. October 23 an order undertook to extend the time to November 15; on November 12 a like order specified November 27; on November 26 an order specified December 15; on December 14 a further order undertook to extend it to December 24, when a still further extension was ordered to December 31. On the latter date a proposed bill was presented: January 9, 1918, the United States attorney procured an order granting time in which to prepare amendments to the proposed bill which were thereafter presented.

Rule 9 of the District Court provided: "For the purpose of making and filing bills of exceptions and of making any and all motions necessary to be made within the term at which any judgment or decree is entered, each

term of this court shall be and hereby is extended so as to comprise a period of three calendar months beginning on the first Tuesday of the month in which verdict is rendered or judgment or decree entered." Rule 61 provided: When an act to be done in any pending suit relates to the preparation of bills of exceptions or amendments thereto, "the time allowed by these rules may, unless otherwise specially provided, be extended by the court or judge by order made before the expiration of such time, but no such extension or extensions shall exceed thirty days in all, without the consent of the adverse party."

After expiration of the three months specified by Rule 9, plaintiffs in error having in open court requested further extension, the United States attorney announced that he would not consent but would ask the court to refuse to settle any bill thereafter proposed. In April, 1918, he moved that settlement of the proposed bill be refused and that it be stricken from the files. The court expressed the opinion that the bill was too late unless the United States attorney had waived objection thereto, and on that point said: "I am very strongly of the view that, owing to the attitude of the United States attorney, distinctly stated theretofore, which was all that could be done under the circumstances, this was not such a waiver." But, in order that the matter might be brought here for final determination, the facts were set out and the certificate signed.

Under the statute the trial term expired November 15; but, for the purpose of filing the bill of exceptions, a general rule extended it to December 4—three months from the first Tuesday in September. The last order of court within the extended term designated December 15 as the final day for action.

"By the uniform course of decision, no exceptions to rulings at a trial can be considered by this court, unless they were taken at the trial, and were also embodied in a

formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties . . . After the term has expired, without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end." *Michigan Insurance Bank* v. *Eldred*, 143 U. S. 293, 298.

We think the power of the trial court over the cause expired not later than the 15th of December, 1917, and any proceedings concerning settlement of a bill thereafter were *coram non judice.* We may not, therefore, consider the bill copied in the record. *Hunnicutt* v. *Peyton*, 102 U. S. 333; *Davis* v. *Patrick*, 122 U. S. 138; *Waldron* v. *Waldron*, 156 U. S. 361; *Jennings* v. *Philadelphia, Baltimore & Washington Ry. Co.*, 218 U. S. 255, 257. And the same is true of certain notes of proceedings taken during trial which we directed to be brought here, without prejudice, by order of June 9, 1919.

The motion to amend original assignments of error is granted. Having regard to the record properly before us only four of the assignments require special notice: (1) Unconstitutionality of the Selective Service and the Espionage Acts; (2) That the first count is bad because it only charges a conspiracy to obstruct the recruiting and enlistment service by inducement and persuasion; (3) The verdict was fatally defective and the judgment invalid; (4) The second count is bad. It charges a conspiracy to make false certificates concerning liability for military service and to aid in evading the act without alleging that the conspirators were officers or persons charged with the duty of carrying it into effect.

The constitutionality of the two acts is settled by opin-

ions of this court announced since the writ of error was sued out. *Goldman* v. *United States,* 245 U. S. 474; *Schenck* v. *United States,* 249 U. S. 47; *Frohwerk* v. *United States,* 249 U. S. 204. Also the criminality of a conspiracy to obstruct recruiting and enlistment by persuasion has been determined. *Schenck* v. *United States, supra.*

Apparently a printed form was used in preparing the jury's verdict, defendants' names and the word "guilty" being inserted. When presented no objection was made to its form or wording, neither the motion for new trial nor in arrest of judgment indicated any such objection, and plaintiffs in error mentioned none when called upon to show cause why sentence should not be imposed. We think the intention to find a general verdict of guilty upon both counts is sufficiently plain. Evidently all parties so understood at the time. See *Statler* v. *United States,* 157 U. S. 277, 279; *Ballew* v. *United States,* 160 U. S. 187, 197.

The second count charges a conspiracy to violate § 6 of the Selective Service Act. Its provisions include: "Any person who shall make or be a party to the making of any false statement or certificate as to the fitness or liability of himself or any other person for service under the provisions of this Act, or regulations made by the President thereunder, or otherwise evades or aids another to evade the requirements of this Act or of said regulations." Other words of the section relate to officers and persons charged with the duty of carrying the act into effect, but the quoted ones are broad enough to include non-official persons and, when considered in connection with the general purpose in view, there can be no reasonable doubt that plaintiffs in error were within their meaning. See *Fraina* v. *United States,* 255 Fed. Rep. 28, 33.

We find no adequate cause for interfering with the judgment of the court below and it is

*Affirmed.*