EXPORTERS OF MANUFACTURERS' PRODUCTS, INC. *v.* BUTTERWORTH-JUDSON COMPANY.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 390. Argued March 14, 1922.—Decided April 10, 1922.

After expiration of the term of the District Court at which final judgment was entered and after expiration of an extension of the term provided by general rule, but before a day to which the parties,

after such expirations, stipulated the term should be extended for the purpose, a bill of exceptions was proposed to and settled and signed by the judge. *Held* that the consent gave no jurisdiction and the bill was unlawful. P. 368.

QUESTIONS certified by the court below under Jud. Code § 239.

Mr. *Henry M. Ward* for Exporters of Manufacturers' Products, Inc.

The validity of a stipulation for the settlement of a bill of exceptions made after the expiration of the term of the trial court, as extended by standing rule, has been repeatedly recognized by this court. *Ex parte Bradstreet,* 4 Pet. 102; *Hunnicutt* v. *Peyton,* 102 U. S. 333; *Jennings* v. *Philadelphia, Baltimore & Washington Ry. Co.,* 218 U. S. 255; *Michigan Insurance Bank* v. *Eldred,* 143 U. S. 293.

The District Court had the power on the stipulation to enter the orders by which the term was extended, and hence the trial judge had power to settle the bill of exceptions. *Hunnicutt* v. *Peyton,* 102 U. S. 333; *Life Insurance Co.* v. *Francisco,* 17 Wall. 672, 679; *United States* v. *Breitling,* 20 How. 252.

Defendant having entered into the stipulation is estopped from questioning its validity.

The plaintiff followed the well settled practice in the Circuit Court of Appeals for the Second Circuit. *Blisse* v. *United States,* 263 Fed. 961; *Exporters of Manufacturers Products* v. *Butterworth-Judson Co.,* 265 Fed. 907, 908.

The Circuit Court of Appeals in granting the motion to strike out, now before it on rehearing, misapprehended the decision of this court in *O'Connell* v. *United States,* 253 U. S. 142. In all the cases cited by this court in the *O'Connell Case* it is either assumed or expressly stated that a stipulation is valid even though made after the expiration of the term. *Davis* v. *Patrick,* 122 U. S. 138; *Waldron* v. *Waldron,* 156 U. S. 361.

*Mr. William Wallace, Jr.,* for Butterworth-Judson Company.

Mr. Justice McReynolds delivered the opinion of the court.

Asking instruction as provided by § 239, Judicial Code, the Circuit Court of Appeals for the Second Circuit has sent up the statement and question which follow.

"This cause came here on a writ of error to a judgment in favor of the Butterworth-Judson Company in an action at law in the District Court for the Southern District of New York. Judgment resulted from the verdict of a jury and thereupon plaintiff-in-error took a writ.

"The stated terms of the trial court as prescribed by Act of Congress begin each month on the first Tuesday thereof; but a general rule of that court provides as follows: 'For the purpose of taking any action which must be taken within the term of the court at which final judgment or decree is entered, each term of court is extended for ninety days from the date of entry of the final judgment or decree.'

"In respect to this case the ninety day period above provided for, and therefore the Term at which the final judgment in question was entered expired on the 24th of February, 1920.

"On March 1, 1920, a written stipulation was executed between the attorneys for the parties hereto in the words following: 'It is hereby stipulated and agreed by and between the parties hereto that the November Term of the United States District Court for the Southern District of New York be extended to April 6, 1920, for the purpose of settling and filing the bill of exceptions herein.'

"On or before the 6th of April, 1920, but long after the 24th of February, 1920, the plaintiff-in-error proposed a bill of exceptions. Thereupon the trial Judge over the objection of defendant-in-error and on the faith of the

stipulation above quoted, settled and signed the bill of exceptions annexed to the writ of error herein and now in this court.

"Defendant-in-error then moved in this court for an order striking from the record the bill of exceptions so settled as above set forth, on the ground that the same had been settled, signed and made a part of the record herein in contravention of law, in that the term had expired.

"Upon consideration of this motion a question of law arises concerning which this court desires the instruction of the Supreme Court in order properly to decide the cause.

"*Question Certified.* Is the bill of exceptions so as above set forth settled, signed and certified to this court in contravention of law, in that the term had expired before the same was offered for settlement? "

In the recent case of *O'Connell* v. *United States,* 253 U. S. 142, 146, we reaffirmed the doctrine announced in *Michigan Insurance Bank* v. *Eldred,* 143 U. S. 293, 298—

" By the uniform course of decision, no exceptions to rulings at a trial can be considered by this court, unless they were taken at the trial, and were also embodied in a formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties; and, save under very extraordinary circumstances, they must be allowed by the judge and filed with the clerk during the same term. After the term has expired, without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end."

And applying this rule we held the bill of exceptions, signed by the trial judge after expiration of the time allowed by the rule of court, was no part of the record.

In the present cause the term as extended had expired before any action concerning the bill of exceptions was taken by either court or counsel. In such circumstances the court had no power to approve it unless this could be conferred by mere consent of counsel. This they could not do.

Consent of parties can not give jurisdiction to courts of the United States. *Railway Co. v. Ramsey,* 22 Wall. 322, 327. The policy of the law requires that litigation be terminated within a reasonable time and not protracted at the mere option of the parties. See *United States v. Mayer,* 235 U. S. 55, 70. We think the better rule and the one supported by former opinions of this court requires that bills of exceptions shall be signed before the trial court loses jurisdiction of the cause by expiration of the term or such time thereafter as may have been duly prescribed. The certified question is accordingly answered in the affirmative.