## WICK v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 28, 1923.)

No. 6137.

1. **Criminal law ⚖99—Jurisdiction cannot be conferred on federal court by consent.**

   Consent of parties cannot give jurisdiction to courts of the United States.

2. **Criminal law ⚖1092(6)—Bill of exceptions must be signed during term or extension of term.**

   Bills of exceptions must be signed before the trial court loses jurisdiction of the cause by expiration of the term, or such time thereafter as may have been duly prescribed.

3. **Internal revenue ⚖2—Poisons ⚖2—Harrison Anti-Narcotic Act constitutional.**

   Harrison Anti-Narcotic Act Dec. 17, 1914 (Comp. St. §§ 6287g–6287q), is constitutional.

4. **Indictment and information ⚖71—Indictment held sufficient.**

   An indictment which fairly informs defendant of the nature of the charge against him, and states the elements of the offense with sufficient particularity to enable him to plead the judgment in bar of any subsequent prosecution for the same offense, is sufficient.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Criminal prosecution by the United States against Charles Wick. Judgment of conviction, and defendant brings error. Affirmed.

E. D. O'Sullivan, of Omaha, Neb. (W. N. Jamieson and C. J. Southard, both of Omaha, Neb., on the brief), for plaintiff in error.

James C. Kinsler, U. S. Atty., and George A. Keyser, Asst. U. S. Atty., both of Omaha, Neb.

Before STONE, Circuit Judge, and TRIEBER and JOHNSON, District Judges.

JOHNSON, District Judge. On December 12, 1921, in the September term of the court, plaintiff in error was convicted upon two counts of an indictment charging violations of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q). On the 14th he was sentenced to serve a year and a day in the penitentiary at Leavenworth. On June 3, 1922, in the April term of the court, the trial judge allowed and signed the bill of exceptions appearing in the record. The September term of the court was not extended by rule or any order of the court.

[1, 2] At the hearing an oral order was made striking the bill of exceptions from the record on the ground that the District Judge was without authority to settle and allow the same after the expiration of the September term. The latest expression of the Supreme Court of the United States on this question is found in Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 Sup. Ct. 331, 66 L. Ed. 663. In that case the court said:

"In the present cause the term as extended had expired before any action concerning the bill of exceptions was taken by either court or coun-

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sel. In such circumstances the court had no power to approve it, unless this could be conferred by mere consent of counsel. This they could not do. Consent of parties cannot give jurisdiction to courts of the United States. Railway Co. v. Ramsey, 22 Wall. 322, 327. The policy of the law requires that litigation be terminated within a reasonable time, and not protracted at the mere option of the parties. See United States v. Mayer, 235 U. S. 55, 70. We think the better rule and the one supported by former opinions of this court requires that bills of exceptions shall be signed before the trial court loses jurisdiction of the cause by expiration of the term or such time thereafter as may have been duly prescribed."

In the decision the court reaffirms the doctrine announced in Michigan Insurance Bank v. Eldred, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162, and O'Connell v. United States, 253 U. S. 142, 40 Sup. Ct. 444, 64 L. Ed. 827.

[3] The bill of exceptions having been stricken from the record, little is left for our consideration. The contention of plaintiff in error that the Harrison Anti-Narcotic Act is unconstitutional is without merit. The constitutionality of the act is no longer an open question. United States v. Jim Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854; United States v. Doremus, 249 U. S. 86, 39 Sup. Ct. 214, 63 L. Ed. 493; United States v. Wong Sing, 260 U. S. 18, 43 Sup. Ct. 7, 67 L. Ed. ——.

[4] Although not raised in the court below, it is argued in this court that neither of the counts of the indictment charged a public offense. Each count of the indictment fairly informed plaintiff in error of the nature of the charge against him, and stated the elements of the offense with sufficient particularity to enable him to plead his conviction in bar of any subsequent prosecution for the same offense. This is sufficient. New York Central R. R. v. United States, 212 U. S. 481, 29 Sup. Ct. 304, 53 L. Ed. 613.

Judgment affirmed.