## STICKEL v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 10, 1923.)

**Exceptions, bill of ⊜⇒40(4)—Trial court, having extended time for settling bill of exceptions during term, may grant further extension during extended period after expiration of term.**

Where the trial court has, by order made during the judgment term, extended the time for preparing and filing a bill of exceptions, it has power to make a further extension before expiration of the extended period subsequent to expiration of term, but cannot grant further extension after expiration of term and extended period.

In Error to the District Court of the United States for the District of Nebraska.

Proceeding by the United States against Walter L. Stickel. To review the judgment rendered, the defendant brings error. On application of defendant for order extending time to settle bill of exceptions and to file record. Application denied, with leave to file similar application in lower court.

David A. Fitch, of Omaha, Neb. (A. W. Jefferies and Norris Brown, both of Omaha, Neb.), for plaintiff in error.

James C. Kinsler, U. S. Atty., of Omaha, Neb.

Before SANBORN and KENYON, Circuit Judges, and MUNGER, District Judge.

SANBORN, Circuit Judge. This application rests upon these facts: The trial below commenced on March 20, 1923, and occupied all the court days until May 16, 1923. A great number of witnesses testified and the documenttary evidence was very voluminous. The plaintiff in error, defendant below, made a motion for a new trial, which was denied on June 8, 1923. On that day he ordered the court reporter to prepare as soon as possible a transcript of the testimony offered and received at the trial, and the reporter has been diligently engaged in fulfilling this order, but he has not yet finished the transcript, and cannot do so on or before January 2, 1924, when the time will expire for the making and filing of the bill of exceptions under the order of the District Court as it now stands.

On June 8, 1923, the plaintiff in error sued out his writ of error, and on that day citation was issued and served. On September 20, 1923, during the term of court at which the verdict was found, the judgment rendered, and the writ of error issued, the plaintiff in error had discovered that the court reporter would fail to complete the transcript of the evidence at that term of the court, and he applied to the trial court and it made an order that the time for the preparation, service, and settlement of the bill of exceptions be extended to January 2, 1924, and that the time to file the record in this court be enlarged to February 15, 1924. The plaintiff in error has presented a reasonable excuse for his failure to obtain a settlement of the bill of exceptions and to file the record in this court, and appears to be acting in good faith. A fair opportunity to settle and file the bill of exceptions

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and to file the record in this court ought to be given to him, if either this court or the trial court has jurisdiction so to do.

Counsel for the United States earnestly contends that this court has no jurisdiction to make an order extending the time for the service and settlement of the bill of exceptions in this case. He cites in support of his contention Exporters v. Butterworth-Judson Co., 258 U. S. 365, 368, 42 Sup. Ct. 331, 66 L. Ed. 663, O'Connell v. United States, 253 U. S. 142, 40 Sup. Ct. 444, 64 L. Ed. 827, Michigan Insurance Bank v. Eldred, 143 U. S. 298, 12 Sup. Ct. 450, 36 L. Ed. 162, and Wick v. United States (C. C. A.) 290 Fed. 191.

In Exporters v. Butterworth-Judson Co., 258 U. S. 365, 368, 42 Sup. Ct. 331, 66 L. Ed. 663, the stated terms of court prescribed by act of Congress began on the first Tuesday of each month, but a general rule of court extended the time for taking any action that must be taken within the term of court 90 days from the date of the entry of the judgment. These 90 days expired February 24, 1920. On March 1, 1920, the parties to the suit stipulated that the term of court be extended to April 6, 1920, for the purpose of settling and filing the bill of exceptions. The trial court settled the bill of exceptions after the expiration of the 90 days under this stipulation, and the Supreme Court held that the trial court's jurisdiction over the bill of exceptions was lost at the end of the 90 days, and that it could not be restored to the court by any stipulation of the parties made after that expiration.

In O'Connell v. United States, 253 U. S. 142, 145, 146, 147, 40 Sup. Ct. 444, 64 L. Ed. 827, the trial was at the July term of the court, which expired November 15, 1917. But for the purpose of settling and filing the bill of exceptions general rule 9 of the District Court extended the term three calendar months beginning on the first Tuesday of the month in which the verdict was rendered or judgment entered, and those three months expired on December 4, 1917. Rule 61 of that court provided that, when an act to be done in any pending suit related to the preparation of bills of exceptions or amendments, "the time allowed by these rules may, unless otherwise specially provided, be extended by the court or judge by order made before the expiration of such time, but no such extension or extensions shall exceed 30 days in all without the consent of the adverse party." The time allowed by these rules expired on December 4, 1917. Within that time the trial court made an order on September 29, 1917, granting 30 days for the preparation and presentation of the bill of exceptions, an order on October 22 extending the time to November 15, an order on November 12 specifying November 27, and an order on November 26 which specified December 15, 1917. This order of November 26 was the last order made by the court before the expiration, on December 4, 1917, of the extended time fixed by the rules of the court, and counsel for the defendant in error objected in open court to each of the orders that was made after the expiration of that time (253 U. S. 145, 146, 40 Sup. Ct. 444, 64 L. Ed. 827), to wit: An order on December 14 undertaking to extend the time for preparation and presentation of the bill of exceptions to December 24, 1917, and a like order on December 24 undertaking to extend the time to December 31, 1917. Because the

extended term fixed by the rules of the court expired on December 4, 1917, and the orders of the court made subsequent to that day were not made before the expiration of that extended term, the Supreme Court held that these subsequent orders were unauthorized, and declared that "under the statute the trial term expired November 15, but, for the purpose of filing the bill of exceptions, a general rule extended it to December 4, three months from the first Tuesday in September. The last order of court within the extended term (the order of November 26, 1917) designated December 15 as the final day for action"—and added:

"We think the power of the trial court over the cause expired not later than the 15th of December, 1917, and any proceedings concerning the settlement of a bill thereafter were coram non judice."

The absence from the case in hand of rules 9 and 61 of the District Court of the Northern District of California deprive the decision and opinion in this O'Connell Case of any relevancy to the issue under consideration in the present case.

Michigan Insurance Bank v. Eldred, 143 U. S. 293, 296, 298, 299, 12 Sup. Ct. 450, 36 L. Ed. 162, and Wick v. United States (C. C. A.) 290 Fed. 191, are equally irrelevant. In the former the Supreme Court simply held that after the trial of the action, the settlement and filing of the bill of exceptions on June 25, 1891, before the expiration of the judgment term, the trial court had no jurisdiction after the expiration of that term to amend the bill of exceptions, and in the latter case this court decided that, where a defendant in a criminal case was tried, convicted, and sentenced at the September term of the court, and that term was not extended, nor was jurisdiction of the case nor of the settlement of the bill of exceptions extended or reserved by rule or order of the court, the trial court was without jurisdiction to settle the bill of exceptions after the expiration of the trial term.

In neither of these cases was the question of the jurisdiction of this court or of the Supreme Court to extend the time for the settlement and filing of a bill of exceptions in the trial court considered or decided; nor does that question seem to us to be important in this case. The first question for determination here is: Has the District Court, which on September 20, 1923, during the trial and judgment term, lawfully made an order extending the time for the service and settlement of the bill of exceptions until January 2, 1924, jurisdiction now, before January 2, 1924—hence before the expiration of the extension already granted—to make such an order for the extension of that time as in its judgment in the interest of a fair and just disposition of this case ought to be made. The opinions in the cases which have been cited contain no decision or intimation that it has not such jurisdiction. The orders of extension held to be beyond the jurisdiction of the trial court in some of those cases were made after the expiration of the times limited by general rules for making such extensions, as in the O'Connell Case, or after the expiration of the terms of court and of the extensions lawfully granted. It is well settled that after the judgment term and after the expiration without farther extension of an extension beyond the term granted within the term the trial court has

lost its jurisdiction to grant further extensions.  Pierre v. United States (C. C. A.) 275 Fed. 353; Anderson v. United States (C. C. A.) 269 Fed. 65, 75; Greyerbiehl v. Hughes Electric Co., 294 Fed. 802 (8 C. C. A., filed December 3, 1923).

But no authority has been cited, no decision has been found, no persuasive reason occurs to us, to the effect that, where the trial court has by order made during the judgment term lawfully extended the time for preparing and filing a bill of exceptions and thereby reserved its jurisdiction beyond that term, it has not plenary power by an order made before the expiration of the former extension to make such another extension as in its opinion ought to be made in the interest of justice; and our conclusion is that the trial court has jurisdiction in this case at any time before January 2, 1924, to make an order extending the time for the preparation, serving, settlement, and filing of the bill of exceptions in this case; that the application for such an order should be made to that court rather than to this court, because of its greater knowledge of and familiarity with the facts and circumstances conditioning the grant and the terms of such an extension; that the application to this court for such an order should be denied, because the trial court has jurisdiction to grant it; and that this court should by order enlarge the time for filing the record and the return to the writ of error herein until the 1st day of May, 1924.

And it is so ordered.

⌖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes