## CAVANA v. ADDISON MILLER, Inc.*

(Circuit Court of Appeals, Ninth Circuit. March 28, 1927.)

No. 4990.

Exceptions, bill of ☞38—Bill of exceptions must be certified during term or extension thereof.

Bill of exceptions must be certified during the term at which judgment was entered or extension granted during that term.

In Error to the the District Court of the United States for the Northern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Action at law by Jack Cavana against Addison Miller, Inc. Judgment for defendant, and plaintiff brings error. Affirmed.

*Rehearing denied May 2, 1927.

F. B. Sharpstein and Everett J. Smith, both of Walla Walla, Wash., for plaintiff in error.

E. Eugene Davis, of Spokane, Wash., and M. L. Driscoll, of Pasco, Wash., for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. A motion has been interposed by the defendant in error to strike the bill of exceptions from the record and files, on the ground that it was not settled or certified within the term, or within the time allowed by law. Inasmuch as the assignments of error are all predicated upon the ruling of the court granting an involuntary nonsuit, if this motion is granted, there is no question before us for review.

The facts in relation to the settlement and certification of the bill of exceptions are as follows: The case was tried during the April term, 1926, of the court below, which expired on the first Monday of the ensuing September. The final judgment was entered May 17; the motion for a new trial was denied August 23; the proposed bill of exceptions was served on opposing counsel and lodged with the clerk of the court on August 30, but was not presented for allowance by the court, and no notice of such presentation was given until after the expiration of the term, when on October 1, 1926, the bill was settled and certified by the court, over the objection and protest of the defendant in error.

The plaintiff in error has cited certain cases holding that the court may certify a bill of exceptions in disregard of its own rules, such as Southern Pac. Co. v. Johnson (C. C. A.) 69 F. 559; City of Seattle v. Board of Home Missions (C. C. A.) 138 F. 307; Russo-Chinese Bank v. National Bank of Commerce (C. C. A.) 187 F. 80. But, conceding this, the rule is well settled that it may not do so in the face of a statute or rule of law limiting its authority in that regard. Thus in O'Connell v. United States, 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827, the Supreme Court held that the power of the trial court over the cause expired with the expiration of the term, as extended by order of court, and that any proceedings concerning the settlement of a bill of exceptions thereafter had were coram non judice and void. In the earlier case of Michigan Insurance Bank v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 36 L. Ed. 162, the same court said:

"By the uniform course of decision, no exceptions to rulings at a trial can be considered by this court, unless they were taken at the trial, and were also embodied in a formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties; and, save under very extraordinary circumstances, they must be allowed by the judge and filed with the clerk during the same term."

The later decisions do not seem to recognize even the limited exception there mentioned. Thus in Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663, the court said:

"We think the better rule and the one supported by former opinions of this court requires that bills of exceptions shall be signed before the trial court loses jurisdiction of the cause by expiration of the term or such time thereafter as may have been duly prescribed."

But, whichever rule we adopt, the bill of exceptions in this case was not certified in time because the delay in obtaining the certification was not caused by very extraordinary circumstances. On the contrary, the circumstances were but usual and ordinary. The time for proposing a bill of exceptions commenced to run with the entry of final judgment on May 17, 3½ months before the expiration of the term, without any extension thereof, and no excuse for the delay is offered or given. The ruling of the Supreme Court in such matters is, of course, controlling upon this court. Maryland Casualty Co. v. Citizens' Nat. Bank (C. C. A.) 8 F. (2d) 216.

The court below was therefore without jurisdiction to certify the bill of exceptions after the expiration of the term, and for that reason the bill of exceptions must be disregarded and the judgment affirmed.

It is so ordered.