## RUTHERFORD v. UNITED STATES.

District Court, W. D. Washington, N. D.
February 2, 1929.

No. 11795.

William G. Beardslee and Graham K. Betts, both of Seattle, Wash., for plaintiff.

Anthony Savage, U. S. Atty., Tom De Wolfe, Asst. U. S. Atty., and Lester Pope, Sp. Counsel U. S. Veterans' Bureau, all of Seattle, Wash.

NETERER, District Judge (after stating the facts as above). It is urged on the part of the government that it is a matter in which the court could exercise discretion and that it ought to be exercised in favor of the government, and that the plaintiff in any event can have the matter determined by the Court of Appeals upon a motion to strike.

The Supreme Court, in O'Connell v. United States, 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827, held that the court's jurisdiction over the case ceased on the expiration of the term as extended, and that any act in the settlement of the bill of exceptions thereafter is coram non judice and void. The Circuit Court of Appeals of this circuit in Cavana v. Addison Miller, Inc., 18 F.(2d) 278, held binding on it the rule announced in O'Connell v. United States, supra, and did not recognize any discretionary power in the trial court, and held that the court could not certify a bill of exceptions after the term or the extended period, although filed in time. See, also, Exporters of Mfrs' Products v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663.

Rule 75 of the rules of this court provide, among other things, that a proposed bill of exceptions shall be filed within ten days after the rendition of the verdict, if a jury trial, and the adverse party has five days in which to propose amendments.

Rule 81 provides that an extension of the time may be given not to exceed 30 days in all without the consent of the adverse party, but no extension beyond that may be made without consent, and if an extension by consent is given, the extended time must be considered in a subsequent extension.

The time having been extended by stipulation of the parties for 90 days, the

388

court was without power to grant further extension without consent of the adverse party, and after the term, or extended time of the term, consent would not confer jurisdiction. The order being inadvertently entered, the court should so determine. This action was prosecuted in forma pauperis. It would be unfair for the court to cast the burden on the plaintiff of presenting the issue to the Court of Appeals, error being obvious. An order may be presented vacating such order, notice of the presentation to be given to the defendant.