## WITTE v. FRANKLIN FIRE INS. CO. OF PHILADELPHIA.

### No. 8933.

Circuit Court of Appeals, Eighth Circuit.

Feb. 14, 1931.

Rehearing Denied April 3, 1931.

William G. Boatright, of Kansas City, Mo. (I. J. Ringolsky and Harry L. Jacobs, both of Kansas City, Mo., on the brief), for appellant.

Ralph E. Murray, of Kansas City, Mo. (William S. Hogsett, of Kansas City, Mo., on the brief), for appellee.

Before STONE and GARDNER, Circuit Judges.

GARDNER, Circuit Judge.

Appellant brought two actions against the appellee to recover on two fire insurance policies. The cases were consolidated for purposes of trial, and, at the conclusion of the testimony of the appellant, the court directed a verdict in favor of the appellee. An appeal was perfected, and there are now presented by appellee two motions, one to dismiss the appeal, and the other to strike the bill of exceptions.

The motion to dismiss the appeal is urged on the ground that the record was not proffered for filing in this court until after the court had lost jurisdiction to permit it to be filed. The judgment was entered September 21, 1929, and on November 2, 1929, the appeal was allowed and citation issued, returnable at St. Louis sixty days thereafter. On November 30, 1929, the time for filing the record was extended to January 20, 1930, and on January 14, 1930, it was extended to February 15, 1930. On February 6, 1930, it was extended to March 10, 1930; on March 8th it was extended to April 1, 1930; and on March 29, 1930, it was extended to April

25, 1930. No other or further orders of extension of time were made by the lower court. On April 29, 1930, appellant filed in this court her motion for leave to file transcript, and thereupon the appellee filed its motion to docket and dismiss the appeal. The motions were heard together on the 24th of May, 1930, and the motion to dismiss was denied without prejudice to its renewal, and the record was thereupon ordered filed.

It is contended by the appellee on this motion that the time limited by the last order entered by the trial court for filing the transcript expired on April 25, 1930. On April 29, 1930, appellant forwarded the transcript of the record, together with the motion for leave to file same, to the clerk of this court. Three or four days thereafter appellee moved to docket and dismiss, and, as above noted, the motion to dismiss was denied without prejudice and the transcript ordered filed. The order extending the time to April 25, 1930, had the effect of making the original citation returnable April 25, 1930. As the term at which the appeal was returnable was still in session on April 29, 1930, when appellant made her motion for leave to file the record, this court had not lost jurisdiction. Midland Terminal Ry. Co. v. Warinner (C. C. A.) 294 F. 185, 189; Gould v. United States (C. C. A.) 205 F. 883, 885; Altenberg v. Grant (C. C. A.) 83 F. 980; Incorporated Town of Gilman v. Fernald (C. C. A.) 141 F. 941.

In Midland Terminal Railway Co. v. Warinner, supra, this court, in speaking of an appeal, said:

"It has never 'spent its force' because the term of this court at which such case should be docketed has not passed."

In Gould v. United States, supra, in an opinion by the late Judge Sanborn, it is said:

" 'It has always been held,' says the Supreme Court, 'that, if the case is not so docketed and dismissed by the appellee, the appellant is in time if the record be filed during the return term.' * * *

"Where under these rules the transcript or return is filed in the appellate court after the return day named in the writ, but before the expiration of the next term after the writ issued, the writ is in force unless before the filing of the transcript or return the defendant in error has moved to dismiss the case."

In the instant case, the term at which it should have been docketed had not passed when appellant endeavored to docket same

and filed her motion for leave so to do. This motion was filed before the appellee filed its motion to docket and dismiss. We are therefore of the view that the motion to dismiss the appeal on the ground urged is not well taken, and it is denied.

The motion to strike the bill of exceptions is urged on the ground that the bill was not settled within the term at which the judgment was entered, nor within any extension thereof. The term lapsed November 2, 1929, and a new term began November 4, 1929. On December 18, 1929, the bill of exceptions was settled. No motion for a new trial was ever filed, and there was no standing rule in the trial court extending the time for the filing of bills of exceptions. On November 30, 1929, an order was entered, purporting to extend the time for filing the bill of exceptions to January 19, 1930. This order, it will be observed, was not entered until after the April term had expired. It is claimed that the judge was without jurisdiction to settle the bill because the term of court had expired, and no order had been entered during the judgment term, extending the time for settling the bill. We assume that good cause for extension existed, as found by the court, on November 30, 1929, but the question presented is whether or not the court had lost jurisdiction over the case. We are reluctantly forced to the conclusion that the court was without jurisdiction to enter this order. Exporters of Mfrs.' Products v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 332, 66 L. Ed. 663; O'Connell v. United States, 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827; Jennings v. Philadelphia, B. & W. Ry. Co., 218 U. S. 255, 31 S. Ct. 1, 54 L. Ed. 1031; Farmers' Union Grain Co. v. Hallet & Carey Co. (C. C. A.) 21 F.(2d) 42; Id. (C. C. A.) 22 F.(2d) 796; Bennett v. Riverland Co. (C. C. A.) 15 F.(2d) 491.

In Exporters of Mfrs.' Products v. Butterworth-Judson Co., supra, the Supreme Court said:

"In the present cause the term as extended had expired before any action concerning the bill of exceptions was taken by either court or counsel. In such circumstances the court had no power to approve it, unless this could be conferred by mere consent of counsel. This they could not do. * * *

"We think the better rule and the one supported by former opinions of this court requires that bills of exceptions shall be signed before the trial court loses jurisdiction of the cause by expiration of the term or such time thereafter as may have been duly prescribed."

The question is squarely passed upon by the Supreme Court in Jennings v. Philadelphia, B. & W. Ry. Co., supra, where it was said:

"No order had been made in term time for the filing of such a delayed bill. Not only had the term closed, but an appeal had been allowed and perfected. The trial court had thereby lost control of the cause, and had no authority to add to or take from the record."

This court in the recent case of Farmers' Union Grain Co. v. Hallet & Carey Co., supra, said:

"It seems to us that the Supreme Court has finally concluded that jurisdiction to settle a bill of exceptions cannot be conferred upon the court by the acts of the parties, when it says: 'Consent of parties cannot give jurisdiction to courts of the United States. Railway Co. v. Ramsey, 22 Wall. 322, 327, 22 L. Ed. 823. The policy of the law requires that litigation be terminated within a reasonable time, and not protracted at the mere option of the parties.' "

The circumstances shown in this case are such as might well have appealed to the discretion of the court if the motion were one addressed to its discretion; but, as said by the Supreme Court, "Consent of parties cannot give jurisdiction to courts of the United States," and hence the motion must be granted.

It is regrettable that, on account of the neglect of counsel, causes cannot be heard on their merits. It should be observed that appellant has had a change of counsel, and her present counsel, who have very ably represented her on these motions, were in no way responsible for the condition of the record.

It follows that the appellant's motion to strike must be and is sustained.

### On Petition for Rehearing.

Under the guise of a petition for rehearing, appellant has filed a sixteen-page brief rearguing this case. It is earnestly urged that this court "overlooked the fact that appellee consented before the term expired to an extension of the time and term for settling the bill over to the next (November) term, when the bill was actually allowed." Perhaps we did not give as direct a response to this contention of counsel as it deserved, but it was not overlooked. The short answer to the contention is that it finds no support in the facts. There was no consent by appellee, either express or implied, to such an extension.

The petition for rehearing is denied.