**BRADY v. BALTIMORE & O. R. CO. et al.**

No. 351.

District Court, N. D. West Virginia.

Feb. 11, 1932.

George T. Bell, of Washington, D. C., and Samuel T. Spears, of Elkins, W. Va., for plaintiff.

Eugene Williams and Charles R. Webber, both of Baltimore, Md., and E. A. Bowers and John F. Brown, both of Elkins, W. Va., for defendants.

BAKER, District Judge.

This case was tried at the June term, 1931, of this court held in Elkins and a verdict rendered on August 7.

A motion was made to set aside the verdict, which the court promptly overruled. For the purpose of allowing the court reporter ample time in which to get up the transcript of the record, and at the request of counsel for defendants, the judgment order was not entered at that time. On September 5, 1931, counsel for plaintiff and defendants appeared in court, plaintiff's counsel asking that the judgment order be entered. Counsel for defendants stating they could not ask further delay, the judgment order was entered on the 5th day of September 1931, this still being within the June term.

Under standing rule No. 22 of the court, the June term expired on November 16, 1931, which rule reads as follows:

"The adjournment of court at any time during any stated term shall not be deemed a final adjournment of the term; but such term shall continue for the general transaction of business until the commencement of the next stated term at that place of holding court; and the court shall, to that end, pend-

ing the absence of the judge, stand and be deemed adjourned from day to day without formal order.

"Upon any day during the continuance of such term on which the clerk shall receive any order, judgment or decree transmitted by the judge for entry, he shall open the court for the transaction of business and enter such order, judgment or decree upon the proper order book." Rule 22 of Rules of Practice District Court Northern District of West Virginia.

There is no standing rule of this court in any way attempting to extend a term for the purpose of signing bills of exceptions. No order was entered during the June term and no order was requested during that term for an extension of time beyond the term within which to sign bills of exceptions.

On November 16, 1931, the June term of the court expired; on December 3 the defendants presented, for the first time, proposed bill of exceptions and gave notice to counsel for plaintiff that on December 14 a motion would be made to the court to have the bill of exceptions signed. Upon presentation of said bill of exceptions, plaintiff objected to said motion on the ground that the time had expired in which bill of exceptions could be signed and that the court had lost jurisdiction of the case for that purpose. At the same time (December 3) a transcript of the evidence and proceedings at the trial was tendered, and plaintiff by counsel also objected to the filing of said transcript because the time had expired within which bill of exceptions could be signed by the judge and the transcript could not be made a part of the record except by lawful bill of exceptions.

### The Questions Presented.

The question now presented is whether or not the court has lost jurisdiction in this case for the allowing of bill of exceptions.

### Time for Presentation and Allowance of Bill of Exceptions.

■ "A bill of exceptions cannot be considered by an appellate court unless it was duly presented to and allowed by the trial judge *during the term* at which the trial was had or within the time as extended *by an order made during such term;* or, where there is a rule of court on the subject, during the time so fixed or an extension granted before its expiration." Oxford & Coast Line R. Co. v. Union Bank, 153 F. 723 (4th C. C. A.); Yellow Poplar Lumber Co. v. Chapman, 74 F. 444, 448 (4th C. C. A.).

■■ The bill of exceptions must therefore be prepared and settled during the term at which the judgment is entered or during the time provided for *in any order made* by the judge *during the term, extending the time beyond the term.* A district judge is without authority to sign a bill of exceptions after the term and after cause has been removed to the appellate court unless the time has been previously extended. Yellow Poplar Lumber Co. v. Chapman (C. C. A. 4) 74 F. 444, and cases cited; Oxford & Coast Line R. Co. v. Union Bank of Richmond, supra; Farmers' Mfg. Co. v. Burton, 20 F.(2d) 339, 341 (C. C. A. 4); Maryland Cas. Co. v. Citizens' Nat. Bank of Los Angeles, 8 F.(2d) 216 (C. C. A. 9); Cavana v. Addison Miller, Inc., 18 F.(2d) 278 (C. C. A. 9); Greyerbiehl v. Hughes Elec. Co., 294 F. 802 (8 C. C. A.) and cases cited; U. S. v. Meadows, 29 F.(2d) 739 (8 C. C. A.); U. S. v. Todar, 41 F.(2d) 146 (7 C. C. A.); U. S. v. Seale, 45 F.(2d) 394 (5 C. C. A.); Hughes Fed. Proc., vol. 6, page 420, § 3888; Enc. Fed. Proc., vol. 6, page 103, § 2724; Dobey on Fed. Proc. § 159, pages 617 to 619; Claude M. Dean Address before W. Va. Bar Ass'n Sept. 10, 1929, page 7 et seq.

Whatever doubt there may have been as to the time within which bill of exceptions may be settled and signed is clearly set forth by the Supreme Court in the case of Exporters v. Butterworth-Judson Co., 258 U. S. 365, 368, 42 S. Ct. 331, 332, 66 L. Ed. 663, wherein the Supreme Court holds:

"In the recent case of O'Connell v. United States, 253 U. S. 142, 146, 40 S. Ct. 444, 64 L. Ed. 827, we affirmed the doctrine announced in Mich. Ins. Bank v. Eldred, 143 U. S. 293, 298, 12 S. Ct. 450, 452, 36 L. Ed. 162—'By the uniform course of decision, no exceptions to rulings at a trial can be considered by this court unless they were taken at the trial, and were also embodied in a formal bill of exceptions presented to the judge at the same term, or within a further time allowed by order entered at that term, or by standing rule of court, or by consent of parties, and, save under very extraordinary circumstances, they must be allowed by the judge and filed with the clerk during the same term. After the term has expired, without the court's control over the case being reserved by standing rule or special order, and especially after a writ of error has been entered in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is

at an end.' And, applying this rule, we held the bill of exceptions, filed by the trial judge after expiration of the time allowed by the rule of the court; was no part of the record.

"In the present cause the term as extended had expired before any action concerning the bill of exceptions was taken by either court or counsel. In such circumstances the court had no power to approve it, unless this could be conferred by mere consent of counsel. This they could not do. Consent of parties cannot give jurisdiction to courts of the United States. Pittsburg, C. & St. L. R. Co. v. Ramsey, 22 Wall. 322, 327, 22 L. Ed. 823. The policy of the law requires that litigation be terminated within a reasonable time and not protracted at the mere option of the parties. See U. S. v. Mayer, 235 U. S. 55, 70, 35 S. Ct. 16, 59 L. Ed. 129. We think the better rule and the one supported by former opinions of this court requires that bills of exceptions shall be signed before the trial court loses jurisdiction of the cause by expiration of the term or such time thereafter as may have been duly prescribed."

It is contended by defendants that the court has power to sign this bill of exceptions on two grounds:

1. That the facts of this case present "extraordinary circumstances" which take it out of the rule requiring the bill of exceptions to be signed within the judgment term or within a time extended by an order of the court entered during the judgment term.

2. That under standing rule 14 of this court this is a matter pending at the close of the term, not disposed of, and thereby stood continued until the next term.

■■ I have carefully considered the brief of defendants on the question of extraordinary circumstances. There were no extraordinary circumstances in this case. Had the presiding judge been out of the district, or for any reason counsel for defendants could not reach him, then this question would have been present. The judge of the court returned to his home in Elkins on Saturday, November 14; was well, and in his office on Saturday evening the 14th, Sunday the 15th, and Monday the 16th—all before the term expired where he could have been seen at any time had counsel so desired and obtained an order extending the time for the preparation of the bill of exceptions. In case the court was ill, or absent at the very end of the time limit so that presentation could not have been made to him personally of the bill of exceptions or an order extending the time,

this doubtless would be considered extraordinary circumstances. As indicated in the Butterworth Case as it is construed by the Circuit Courts, exceptions are extremely limited and in no event can possibly intervene if they result from the acts of the parties or their counsel. It seems the Supreme Court of the United States practically eliminates the doctrine of extraordinary circumstances; at least, it so limited the application of that principle that it could have no application under the circumstances disclosed in this case. Since the decision of the Butterworth Case, federal courts have uniformly held that failure to secure timely bills of exceptions is fatal if the failure is, in any way, the fault of the parties or their counsel.

As was said by the court in the case of Farm Mortgage & Loan Co. v. Willett in the decision of the District Court, Western Division of New York, reported 285 F. 42, 44, in which the court quotes from the case of Glickstein v. U. S., 215 F. 90 (C. C. A.), as follows: "The extraordinary circumstances mentioned in the Supreme Court cases which justify the signing of the bill of exceptions after the term has expired relate to circumstances which caused the delay, and cannot be said to include negligence of the party or the importance or difficulty of the question involved."

■ Inability of court reporter to deliver the transcript of record until expiration of term was insufficient to excuse delay of defendants in asking for an extension of time, *within the term*, to prepare their bill of exceptions. Sprague v. Chicago, B. & Q. R. Co. (C. C. A.) 17 F.(2d) 768. Hence, I conclude no extraordinary circumstances in this case intervened.

### Does Rule 14 Apply?

The only part of rule 14 of this court that could possibly have any bearing on this case is the last paragraph thereof, as follows: "All cases and matters pending at the close of a term and not otherwise disposed of, shall stand continued as of course to the next term without formal order."

It is conceded that this could not be a cause pending but it is argued that it is a matter pending. In support of this position defendants say they gave notice of their intention to appeal this case. The only possible basis for this contention is that when the trial court overruled the motion to set aside the verdict and grant a new trial, counsel for defendants stated they intended to appeal the case and the reporter was requested to make

up the transcript; that from time to time statements were made by defendants that they intended to appeal the case.

It is obvious that rule 14 can have no application to the signing of bills of exceptions. If by any stretch of the imagination bills of exceptions could be included under this rule, there never would be a time when the right to have bills of exceptions signed and filed would expire.

The question as to whether or not mere statement by counsel for a party of an intention to appeal a case, being a matter pending, is settled by our Circuit Court of Appeals (4th) in the case of Osborn v. U. S., 50 F.(2d) 712, 714. That was a case where the appeal was not taken until after the expiration of the three-month period, but, as an excuse therefor, it was contended that the appellant *gave notice of an appeal* before the three-month period had expired, and the court says:

"Aside from this, a notice of appeal is not sufficient. The Act of Congress (U. S. Code, title 28, § 230 [28 USCA § 230]) requires that an 'application' must be made for the appeal. While courts may be rather liberal in construing that word, yet they are not at liberty to disregard its reasonable meaning, which in this usage necessarily carries the element of request. * * *

"The result is that under the act, as amended, appeals cannot be taken by notice, but there must be an application therefor in accordance with the rules covering appeals."

Counsel for defendants in their briefs say that the "effort" was pending. The claim that making the announcement that defendants intended to take an appeal makes it a *matter pending* is completely refuted in the Osborn Case, supra. There was no request of any kind or character made to this court prior to the time it lost jurisdiction for extension of time for the purpose of signing bill of exceptions. There was nothing pending before this court on that question. Defendants were at liberty at any time to abandon their announced intention to appeal. They were not required to get the consent of the court to do that. There was nothing for the court to pass on with respect to that matter. The granting of an appeal goes as a matter of course and a matter of right.

Counsel for defendants define the word "pending" as a "matter undecided." There can be nothing decided or undecided by a court until something is before the court for its decision. The question of signing this bill of exceptions was not before the court until December 3, 1931, and it had already lost jurisdiction of the matter on November 16, 1931.

The facts in this case present no "extraordinary circumstances" which take it out of the rule requiring that bills of exceptions be signed within the judgment term or within a time extended by an order of the court entered during the judgment term.

Under standing rule 14 of this court, there was no matter pending before the court at the close of the term and undisposed of. The simple, plain fact is that defendants' and their counsel's oversight, and not the reporter's dereliction, was the proximate cause of this whole trouble. When confronted with matters involving the default of parties or their counsel, the courts of the United States, from the Supreme Court down, hold that this is no excuse. In the case of Witte v. Franklin Fire Ins. Co. of Phila. 46 F.(2d) 894, 896, the Eighth Circuit Court of Appeals under date of February 14, 1931, says: "It is regrettable that, on account of the neglect of counsel, causes cannot be heard on their merits."

As stated in the case of U. S. v. Stephanidis et al. (D. C.) 46 F.(2d) 691, 692, notwithstanding it involves a judgment of over $136,000: "If plaintiff had been careful to observe the rules in regard to obtaining an extension of the term, there would have been no difficulty even in this regard."

The law is plainly against the contention of the defendants on the facts here presented. The court has no right or authority to sign and certify the bill of exceptions asked; hence, it declines to do so.