GILLETTE et al. v. UNITED STATES.*
No. 6247.

Circuit Court of Appeals, Fifth Circuit.
April 13, 1932.

Burton G. Henson, of Tampa, Fla., for appellants.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Jack Gillette and Horace Downum were convicted at Tampa of a violation of section 19, Criminal Code (18 USCA § 51). Downum dismissed his appeal. Only Gillette is now before this court. The government has moved to strike the bill of exceptions.

There is but one term a year in the Southern District of Florida at Tampa, beginning on the second Monday in February and necessarily ending with the beginning of the new term. Section 76, Judicial Code (28 USCA § 149). The verdict was returned on November 7, 1930, and sentence was imposed on November 17, 1930. This was within the 1930 term. The bill of exceptions was not settled and signed by the trial judge until April 17, 1931. This was within the succeeding 1931 term. On November 19, 1930, an order was entered extending the time for settlement of the bill of exceptions for 90 days. This enlarged the time to February 17, 1931. On that day a second order was entered extending the time for 30 days. This extension expired on March 19, 1931. It does not appear that there is any standing rule of court extending the term or granting time for the settlement of bills of exception. Jurisdiction not having been retained by proper order, the trial judge was without authority to settle and sign the bill of exceptions after the expiration of the

*Rehearing denied June 3, 1932.

trial term and after the extensions given had ended. It follows that the motion to strike the bill of exceptions must be granted. O'Connell v. U. S., 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827; Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663; Davis v. U. S. (C. C. A.) 55 F.(2d) 550.

All the errors assigned are predicated upon the bill of exceptions which we cannot consider. No error is apparent upon the portion of the record properly before us.

The judgment is affirmed.