## UNITED STATES v. FIERMAN et al.
### No. 9001.

District Court, M. D. Pennsylvania.
March 7, 1936.

Frederick V. Follmer, U. S. Atty., of Milton, Pa., and Arthur A. Maguire, Asst. U. S. Atty., of Scranton, Pa., for the United States.

Abram Salsburg and H. H. Weintraub, both of Wilkes-Barre, Pa., for defendants.

WATSON, District Judge.

Louis Fierman, Jr., Abe Fierman, and Joseph Pallis were indicted jointly, with other defendants, charged with a conspiracy to violate the internal revenue laws, and, after trial before the court and a jury, Judge Welsh, specially presiding, they were found guilty. Motion for a new trial was denied, and judgment of sentence was passed on December 5, 1935. On December 7, 1935, notice of appeal was filed by the defendants in accordance with rule 3 of the Rules of Practice and Procedure in Criminal Cases promulgated by the Supreme Court (28 U.S.C.A. following section 723a). On December 30, 1935, each of the defendants, through his counsel, presented a petition for extension of time to file the record, bill of exceptions, and assignments of error. The court entered the following order:

"Now, Dec. 30, 1935, upon consideration of the within petition leave to file record and assignments of error in the within cause is extended to Jan. 25, 1936."

On January 25, 1936, another petition was submitted by counsel for an extension of time to file the record, exceptions, and assignments of error. The court then entered the following order:

"Now, January 25, 1936, upon consideration of the within petition leave to file Record, Exceptions and Assignments of Error in the within cause is extended to February 10, 1936."

On February 10, 1936, on a petition signed by only two of the defendants, Abe Fierman and Louis Fierman, Jr., the court entered the following order:

"Now, Feb. 10, 1936, upon consideration of the within petition leave to file Record, Exceptions and Assignments of Error in the within cause is extended to Feb. 20, 1936."

On February 27, 1936, seven days after the extended date in the order entered February 10, 1936, another petition was presented, and the court entered the following order:

"Now, February 27, 1936, upon motion of H. H. Weintraub, Atty. for petitioner, time to file record, exceptions, and assignments of error is extended to March 15, 1936."

The government has moved to strike from the record the orders entered by the court granting extensions of time to the defendants.

The appeal in this case was taken under the Rules of Practice and Procedure in Criminal Cases as promulgated by the Supreme Court May 7, 1934, under authority of 28 U.S.C.A. § 723a. Prior to the promulgation of these rules, the general rule for the filing of a bill of exceptions was that same was required to be settled and filed within the term or within the period of an extension granted within the term. The new rules require that a bill of exceptions shall be filed by the appellant within thirty days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge. Rule 9 (28 U.S.C.A. following section 723a), provides in part as follows:

"*Bill of exceptions.* In cases other than those described in Rule VIII, the appellant, within thirty (30) days after the taking of the appeal, or within such further time as within said period of thirty days may be fixed by the trial judge, shall procure to be settled, and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which the appellant wishes to rely in addition to those shown by the clerk's record as described in Rule VIII. Within the same time, the appellant shall file with the clerk of the trial court an assignment of the errors of which appellant complains. The bill of exceptions shall be settled by the trial judge as promptly as possible, and he shall give no extension of time that is not required in the interest of justice."

The extended time granted by the order of February 10, 1936, expired on February 20, 1936, and, thereafter, the court was without jurisdiction to grant a further extension. Therefore, the order entered on February 27, 1936, extending the time for filing record, exceptions, and assignments of error are void and of no effect.

776

It is well settled that with the termination of the period allowed and any valid extension thereof, the court loses jurisdiction to settle and sign a bill of exceptions, and that, if an original period or the time under a valid extension has already expired, the court is without jurisdiction to further extend the time, and an order extending the time is null and void. Harris et al. v. United States (C.C.A.) 70 F.(2d) 897; Exporters of Manufacturers' Products v. Butterworth-Judson Co., 258 U.S. 365, 42 S.Ct. 331, 66 L.Ed. 663; O'Connell v. United States, 253 U.S. 142, 40 S.Ct. 444, 64 L.Ed. 827.

Having concluded that the order entered February 27, 1936, extending the time for filing record, exceptions, and assignments of error was void, said order should be stricken from the record, and no bill of exceptions having been filed by the appellants, it is unnecessary to consider the government's motions with reference to the orders previously made.

Now, it is ordered that the order entered by this court February 27, 1936, extending the time for filing record, exceptions, and assignments of error to March 15, 1936, be, and the same is hereby, stricken from the record. The government's motions as to the orders made prior to February 27, 1936, are denied.