### GAFFNEY v. UNITED STATES.
### No. 6073.

Circuit Court of Appeals, Third Circuit.
May 6, 1937.

THOMPSON, Circuit Judge, dissenting.

John Duggan, Jr., Morris F. Cohen, and Thomas E. Thornton, all of Pittsburgh, Pa. (John Duggan, Jr., of Pittsburgh, Pa., of counsel), for appellant.

Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., Keith L. Seegmiller, Atty., Department of Justice, of Washington, D. C., Charles F. Uhl, U. S. Atty., and Stanley Granger, Asst. U. S. Atty., both of Pittsburgh, Pa., and John S. Powers, Sp. Atty., Department of Justice, of Buffalo, N. Y., for the United States.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge:

In this case of war risk insurance the court granted a compulsory nonsuit and on its refusal to take off the same, the plaintiff on the same day excepted, his exception was noted and sealed by the trial judge. The court having thereafter entered judgment, plaintiff filed his assignment of error, alleging the court erred in entering a nonsuit and refusing to take it off, whereupon his appeal was allowed by the trial judge. Thereupon the appeal was docketed in this court and a citation duly issued. All these steps were taken during the current term. Subsequent to the term the trial judge ordered the testimony "filed and to become a part of the record," and because this order was not made during the term, the government moves to dismiss the appeal.

In view of the fact that exception was taken and bill sealed by the judge, assignments filed and appeal allowed during the term, the certificate and return of the testimony was rather a clerical than a judicial matter. The motion to dismiss is, therefore, denied.

After a careful study of the proofs, we have reached the conclusion the case was one for a jury to pass upon, and the judgment must be reversed. As it goes back for retrial, we refrain from discussing the evidence.

THOMPSON, Circuit Judge (dissenting).

This is an appeal from a judgment entered February 19, 1936, during the November, 1935, term of court. The appellee moved to strike the bill of exceptions. The term ended in May, 1936, and was not extended either by special order or by standing rule of court. The bill of exceptions was settled October 5, 1936. It is apparent, therefore, that the trial court had lost its jurisdiction over the judgment by reason of the expiration of the term and that the bill of exceptions was invalid. Exporters v. Butterworth-Judson Co., 258 U.S. 365, 42 S.Ct. 331, 66 L.Ed. 663. I would therefore allow the appellee's motion to strike the bill of exceptions.

The District Court granted a compulsory nonsuit on the ground that the appellant's work record throughout the period from the time of his discharge from the army up to the date of the trial negatived the contention that he was totally and permanently disabled. I think the trial judge was right in entering the nonsuit on this ground. See Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; U. S. v. Spaulding, 293 U. S. 498, 55 S.Ct. 273, 79 L.Ed. 617, rehearing denied 294 U.S. 731, 55 S.Ct. 504, 79 L.Ed. 1261.

I would therefore affirm.