## DAVIS v. UNITED STATES.
### No. 6208.

Circuit Court of Appeals, Fifth Circuit.
Feb. 1, 1932.

Rehearing Denied March 12, 1932.

See also 47 F.(2d) 1071.

Wm. J. Berne, Jesse E. Martin, and Sam R. Sayers, all of Fort Worth, Tex., for appellant.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., Charles J. Riley, Sp. Asst. to Atty. Gen., and Fred Horowitz, of Los Angeles, Cal., for the United States.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Appellant was convicted on six counts of an indictment which charged the unlawful mailing of certain letters in furtherance of a scheme to defraud and was sentenced to serve two years in the penitentiary on the first count and five years collectively on the remaining counts, that term to begin at the expiration of the two year term. The five-year term was suspended for a period of five years.

The United States has filed a motion to dismiss the appeal on the ground that the bill of exceptions was not timely settled and allowed. We may treat this as a motion to strike the bill of exceptions.

The rule may now be considered settled as follows: The taking of an appeal does not deprive the trial court of jurisdiction to settle and allow a bill of exceptions within the term or a proper extension. The trial term may be extended either by standing rule of court or special order. Within the extended term a bill of exceptions may be settled or a further reasonable extension may be granted. After the extended term has expired, the court is without authority to grant a further extension even though consented to by coun-sel. Hunnicutt v. Peyton, 102 U. S. 333, 26 L. Ed. 113; O'Connell v. U. S., 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827; Exporters, etc. v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663.

It appears that a motion for a new trial was overruled and sentence was imposed on December 3, 1930. An appeal was taken the same day and 90 days was allowed by the District Court for the presentation and settlement of bills of exceptions. The 90 days carried the extension up to March 3, 1931. The next ensuing term began on the second Monday of March, 1931, which was March 9th. On March 2, 1931, still within the trial term, the term was extended by the District Court into the next term for the purpose, among others, of making all proper orders in the case. The bill of exceptions was presented, settled, and signed on June 29, 1931, which was within the March, 1931, term. In signing the bill of exceptions the District Court construed his order of March 2, 1931, as an extension for the purpose of filing and signing the bill of exceptions and so stated in the order of settlement. Considering these facts we think the settlement of the bill of exceptions was timely.

Error is assigned to the denial of a motion for a directed verdict at the close of all the evidence.

In substance, the indictment charges that Davis, by personal correspondence and circular letters, solicited investments in undivided interests in certain property designated as the J. B. Davis Bell county 1,000 acres on the J. F. Edds land, falsely and fraudulently representing that an oil well had been drilled on the said land which was producing oil in paying quantities and would continue to so produce, and that the investments would be very valuable and return large profits, all of which representations he knew to be false, and that he intended to convert the money received to his own use without giving the investors any adequate returns for same. Each count sets out a letter and charges that Davis mailed it or caused it to be mailed in furtherance of the fraudulent scheme.

There is ample evidence in the record tending to show the fraudulent character of the scheme. Appellant contends, however, that it was not proven that the letter alleged in the first count to have been mailed in pursuance of the scheme was ever actually in the mails or that Davis caused it to be mailed. On this point it appears conclusively that Davis operated an office and employed a number of stenographers; that he sent out a great

many letters to prospective purchasers, practically identical with the letters set out in the indictment, which letters were either written on the typewriter or mimeograph; that it was the general custom in the office that all letters prepared would be signed the same day by Davis personally or by a facsimile stamp and then in the usual course of business would be mailed. The first count of the indictment charges the mailing of a letter to H. E. Meacham, P. O. Box 954, Seattle, Wash. This letter was dated October 29, 1928. The letter is lengthy, gives information as to the value and extent of the oil field, and makes promises of handsome returns. It was clearly in furtherance of the scheme. On the trial this letter was produced and received in evidence, together with an envelope bearing Davis' return card. The envelope was addressed to Meacham as above noted and showed the canceled 2-cent stamp and the post office stamp, dated October 30th. Two witnesses, Mrs. Huntington and Mrs. Dunnagan, who had been employed by Davis as stenographers, testified that the signature looked like Davis' signature. Error is not assigned to the admission of any of this evidence. In the absence of evidence to the contrary, of which there was none, this was sufficient to go to the jury. It was not necessary to show that Davis had actually signed the letter or had personally deposited it in the mail. If it was mailed in furtherance of the scheme, in the usual course of business, and of this there could be no reasonable doubt, it was sufficient evidence to support the conviction. This same general class of testimony appears in the record as to the other letters introduced. It was not error to overrule the motion to direct. Stokes v. U. S., 157 U. S. 187, 15 S. Ct. 617, 39 L. Ed. 667.

Other errors are assigned, but they are entirely without merit and require no discussion.

The record presents no reversible error.

Affirmed.